IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YEAT PENG TAN, )<br>    )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>ZEN PARTNERS CONSTRUCTION )<br>CORP., *et al*., )<br>    )<br>    Defendants. ) | Civil Action No. 24-cv-00051-LKG<br><br>Dated:  August 6, 2024 |

### ORDER GRANTING DEFENDANTS' MOTION
### TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Defendants, Zen Partners Construction Corporation ("Zen Partners") and JD Construction Property Management Corporation ("JD Construction"), have moved to set aside the April 15, 2024, Clerk's Order of Default (ECF No. 14) against them in the above-captioned civil action. ECF No. 19.  The motion is unopposed and fully briefed.  ECF Nos. 19, 21.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS** Defendants' motion to set aside default (ECF No. 19); (2) **VACATES** the April 15, 2024, Clerk's Order of Default (ECF No. 14); and (3) **DENIES-AS-MOOT** Plaintiff's motion for default judgment, dated April 16, 2024 (ECF No. 17).

Factual And Procedural Background

This civil action involves a dispute about an alleged breach of a contract to build a home in Rockville, Maryland.  ECF No. 1.  On January 8, 2024, Plaintiff Yeat Peng Tan commenced this civil action against Defendants Zen Partners and JD Construction.  *Id*.  The Defendants were successfully served with summons and the complaint on January 29, 2024.  ECF Nos. 8, 9.

The Defendants did not answer, or otherwise respond to the complaint.  And so, on March 18, 2024, Plaintiff filed a motion for Clerk's entry of default against the Defendants, pursuant to Fed. R. Civ. P. 55(a). ECF No. 13.

1

On April 15, 2024, the Clerk of Court entered an Order of Default against the Defendants and issued Notices of Default directing the Defendants to any file motions to vacate the Order of Default by May 15, 2024. ECF Nos. 14-16. On April 16, 2024, Plaintiff filed a motion for default judgment against the Defendants. ECF No. 17.

On May 2, 2024, counsel for the Defendants entered appearance and the Defendants filed a motion to vacate the Clerk's entry of default, pursuant to Fed. R. Civ. P. 55(c). ECF Nos. 18, 19. On May 3, 2024, Plaintiff filed a response to the Defendants' motion stating that Plaintiff consents to vacating the entry of default. ECF No. 21.

Standards Of Decision

**A. Fed. R. Civ. P. 55**

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When considering whether to vacate an entry of default, the Court weighs six factors: (1) whether the movant has a meritorious defense; (2) whether the movant acted with reasonable promptness; (3) whether the movant bears personal responsibility for the entry of default; (4) any prejudice to the non-moving party; (5) any history of dilatory action; and (6) the availability of lesser sanctions short of default judgment. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). The United States Court of Appeals for the Fourth Circuit has "liberally construed" the good cause standard, and "expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (internal citation omitted); *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Analysis

Defendants seek to vacate the April 15, 2024, Clerk's Order of Default in this matter, upon the grounds that: (1) they have meritorious defenses in this matter; (2) they have little culpability for default, because they reasonably believed that insurance carriers would play a role in the defense of this action; (3) Plaintiff will not be prejudiced by setting aside the Clerk's Order of Default, because they promptly filed a motion to vacate the default judgment; and (4) they acted with reasonable diligence and promptness in seeking to set aside the default. *See generally*

ECF No. 19. And so, the Defendants request that the Court vacate the Clerk's Order of Default. *Id*. Plaintiff does not oppose the Defendants' motion. ECF No. 21.

For the reasons that follow, the Defendants have shown that good cause exists to vacate the Clerk's Order of Default in this matter. And so, the Court GRANTS the Defendants' motion to set aside default.

As an initial matter, the Defendants have shown that they have meritorious defenses to the breach of contract, unjust enrichment and negligence claims asserted in this matter. *Moradi*, 673 F.2d at 727 ("All that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party."). In the motion to vacate, the Defendants state that the alleged construction contract in this matter was signed six to seven months "before the heart of the [COVID-19] pandemic began to affect the United States," and that "the project was subject to disruptions that [include] the global supply chain, the labor market, government regulations and licensing, and more." ECF No. 19 at 3. And so, Defendants maintain that, if proven, these circumstances would prevent Plaintiff from prevailing on his breach of contract, negligence, and unjust enrichment claims.[1] And so, the Court is satisfied that the Defendants have meritorious defenses in this matter, which weighs in favor of vacating the Clerk's Order of Default.

The Defendants have also shown that they acted with reasonable promptness in seeking to set aside the Clerk's Order of Default. *See Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (holding that the Court must gauge whether the defaulting party acted reasonably promptly, "in light of the facts and circumstances of each occasion[.]"). The Defendants moved to set aside the Clerk's Order of Default on May 2, 2024, which was well before the May 15, 2024, deadline set forth in the Clerk's Notices of Default. ECF No. 19; *see* ECF Nos. 15-16. And so, the Defendants' diligence and prompt action also weighs in favor of vacating the Clerk's Order of Default.

---

[1] Defendants also assert that certain defenses provided in Fed. R. Civ. P. 12(b) may be appropriate, because (1) the complaint contains minimal allegations and (2) both subject-matter and personal jurisdiction issues may exist, since JD Construction is a citizen of Virginia and Plaintiff is a resident of Washington, D.C. ECF No. 19 at 3. These Fed. R. Civ. P. 12(b) defenses, if proven, would also "permit. . .find[ing] in favor of the defaulting party." *Moradi*, 673 F.2d at 727.

In addition, the Defendants argue with persuasion that they "do not bear personal responsibility" for the default in this matter. *Payne*, 439 F.3d at 204-05. This Court has weighed the "personal responsibility" factor in favor of the defaulting party where the default resulted from the liability insurance carrier's failure to assign counsel, because the default was not "motivated by any intent on Defendant's part to disregard or derail the legal process." *Propps v. Kirkpatrick*, 2021 WL 4951930, at *2 (D. Md. Oct. 25, 2021). Similarly, here, the default does not appear to be motivated by Defendants' bad faith or disregard for these proceedings. Rather, as the Defendants explain in their motion, the Defendants engaged with the relevant insurance carriers upon becoming aware of this litigation and initially believed that the insurance carriers would play a role in defending this action. ECF No. 19 at 3. Given this, the defendants delay in defending this action is understandable. And so, the "personal responsibility" factor is satisfied, which weighs in favor of vacating the Clerk's Order of Default.

Lastly, the Court is satisfied that Plaintiff will not be prejudiced if the Clerk's Order of Default is vacated, because the Defendants promptly moved to set aside the Clerk's Order of Default within 17 days of the entry of the Order. And so, this factor also weighs in favor of vacating the Clerk's Order of Default.

## Conclusion

For the forgoing reasons, the Court:

(1) **GRANTS** Defendants' motion to set aside default (ECF No. 19);

(2) **VACATES** the April 15, 2024, Clerk's Order of Default (ECF No. 14);

(3) **DENIES-AS-MOOT** Plaintiff's motion for default judgment (ECF No. 17).

It is further **ORDERED** that the Defendants shall **ANSWER**, or otherwise **RESPOND TO**, the complaint on or before **August 20, 2024**.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge