**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| YEAT PENG TAN | |
| v. | Case No. 8:24-cv-00051-LKG |
| ZEN PARTNERS CONSTRUCTION CORP, ET AL. | |

## MOTION TO DISMISS OF ZEN PARTNERS AND JD CONSTRUCTION, OR, IN THE ALTERNATIVE, TO STAY THE PROCEEDINGS AND COMPEL ARBITRATION

Defendants Zen Partners Construction Corp. ("Zen Partners") and JD Construction Property Management Corp. ("JD Construction") (collectively "Defendants") by and through undersigned counsel, hereby respond to Plaintiff's ("Tan" or "Counter-Defendant") Complaint by seeking to dismiss the Complaint, pursuant to Fed. R. Civ. P 12(b), or, in the alternative enforce the arbitration clause.

### I. FACTUAL BACKGROUND

Plaintiff filed suit against Defendants, alleging claims that are all subject to mandatory arbitration, and relying on factual allegations falling within the scope of a "General Contractor Agreement." *See* Dkt. #1. Plaintiff also affirmatively attached the "General Contractor Agreement," (the "Agreement") with the corresponding arbitration provision, to their Complaint. *See* Dkt. #1-1. Plaintiff also attached another, purportedly later, version of the "General Contractor Agreement" that appears to be drafted on the same legal form, but is incomplete, and is missing a page in Plaintiff's filings. *See* Dkt. #1-2. Defendants now request the Court dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), as Plaintiff has pleaded herself out of court.

1

Plaintiff alleges, in her Complaint, that "She entered into a contract, with the Defendants, on July 19, 2019." *See* Dkt. #1 at ECF 10 ¶ 6. Plaintiff cites to "Exhibit #1" in the same paragraph and attached the purported agreement as Exhibit #1-1. The cited agreement contains a clear arbitration clause:

> 10. **All disputes hereunder shall be resolved by binding arbitration** in accordance with the rules of the American Arbitration Association.

*See* Exhibit #1-1 at 3, ¶ 10 (emphasis added). Had Plaintiff included the full agreement in Exhibit #1-2, rather than a partial exhibit, the same arbitration language would appear because the text and form of the boilerplate of the two agreements appears to be identical. *See* Ex. #1-2. Plaintiff further admits that this "new contract," the incomplete Ex #1-3, was signed on July 29, 2019." *See* Ex #1 at ECF 10, ¶ 7.

Despite the arbitration clause being plainly set out on one of Plaintiff's own exhibits, Plaintiff ignored the binding arbitration clause when she filed suit in this Court.

Moreover, each of Plaintiff's claims is subject to arbitration because they all directly make reference to the "contract." Plaintiff's "Count I" is a "Breach of Contract" under which Plaintiff alleges a "claim of the Defendants' breach, of their contract, with the Plaintiff." *See* Dkt. #1 at ECF 12, ¶ 17. Plaintiff's "Count II" is an "Unjust Enrichment Claim," under which Plaintiff states that "As a direct result, and proximate cause, of the Defendants' breach of their contract, with the Plaintiff, the Defendants are being unjustly enriched." *See* Dkt. #1 at ECF 13, ¶ 19. Finally, Plaintiff's "Count III" for "Negligence" states that "Defendants owed the Plaintiff a duty to comply with the conditions of the contract they entered into with the Plaintiff." *See* Dkt. #1 at ECF 13, ¶ 22. In sum, *every claim alleged by Plaintiff relies on the contract that contains the clear arbitration clause*. This Motion follows.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

A court tasked with addressing a motion to dismiss under Rule 12(b)(6) must decide if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility generally requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "not akin to a 'probability requirement,' … it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A plaintiff must do more than provide "threadbare recitals of the elements of a cause of action" to satisfy his obligation to state the grounds of his entitlement to relief. *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (citations omitted). Moreover, "a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (*quoting Townsend v. Columbia Operations*, 667 F.2d 844, 848–49 (9th Cir. 1982)). A Court may consider documents "attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (*quoting* 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

Defendants do not question the authenticity of the agreement attached to the Complaint. *See* Dkt. #1-1. Accordingly, proper adjudication compels this court to consider the Agreement

before ruling upon this motion, given Plaintiff's affirmative inclusion of the relevant document in her initiating documents.

### III. ARGUMENT

**A. This Case Should be Dismissed Because Plaintiff Has Pled Itself Out of Court and the Claims are Only Subject to Arbitration.**

Under the Federal Arbitration Act ("FAA"), "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. Thus, "[u]nless Congress intended to make an exception to the Arbitration Act," *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 227 (1987),[1] "courts must rigorously enforce arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotations omitted); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (*quoting Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)) ("The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'").

1. All Parties Had Assented to Arbitration

While "[a] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). "When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally … should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

In Maryland, "a valid contract is formed by, among other elements, an offer and acceptance and consideration. To create consideration, "a 'performance or a return promise must be bargained for.'" *Braude v. Robb*, 255 Md. App. 383, 397, 279 A.3d 1153, 1162 (2022) (*citing Chernick v. Chernick*, 327 Md. 470, 479, 610 A.2d 770 (1992) (*quoting* Restatement (Second) of Contracts § 71 (Am. L. Inst. 1981)). In the present case, the Agreement demonstrates that

---

[1] Plaintiff does not refer to any federal laws with such an exemption.

Defendants were to perform construction services for Plaintiff, and Plaintiff was to provide certain monetary payments. *See* Dkt. #1-1. The relevant Agreement was Defendants' offer, and Plaintiff accepted the Agreement by way of her signature and ongoing assent to Defendant's work that was contemplated by the agreement. Thus, the agreement is valid in Maryland, and the terms, including the arbitration clause, are enforceable.

Although all parties appear to have agreed that the arbitration provision in the Agreement is valid, any hypothetical challenges "must go to the arbitrator." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46, 449 (2006). The Agreement's arbitration provision explicitly states that "*all disputes hereunder* shall be resolved by binding arbitration . . .*" including issues concerning validity and enforceability. *See* Dkt. #1-1.

Because "[a]rbitration is a matter of contract, and the FAA requires courts to honor parties' expectations," *AT&T Mobility LLC*, 563 U.S. at 351 (*citing Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67-69 (2010)), it would be unjust to both parties if this Court disregarded the parties' consent to arbitration.

<u>2. The Claims Raised by Plaintiff are Subject to Arbitration</u>

As explained above, the Agreement's arbitration provision explicitly states that "*all disputes hereunder* shall be resolved by binding arbitration . . .*" *See* Dkt. #1-1 (emphasis added).

- Plaintiff's "Count I" is a "Breach of Contract" under which Plaintiff alleges a "claim of the Defendants' breach, of their contract, with the Plaintiff." *See* Dkt. #1 at ECF 12, ¶ 17.
- Plaintiff's "Count II" is an "Unjust Enrichment Claim," under which Plaintiff states that "As a direct result, and proximate cause, of the Defendants' breach of their contract, with the Plaintiff, the Defendants are being unjustly enriched." *See* Dkt. #1 at ECF 13, ¶ 19.
- Plaintiff's "Count III" for "Negligence" states that "Defendants owed the Plaintiff a duty to comply with the conditions of the contract they entered into with the Plaintiff." *See* Dkt. #1 at ECF 13, ¶ 22.

Moreover, every claim alleged by Plaintiff expressly relies on the contract that contains the clear arbitration clause. *See* Dkt. #1 at ECF 12-13. Applying any presumptions in favor of

arbitration, courts "must examine the factual allegations raised to determine which … causes of action are arbitrable." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (*citing J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 319 (4th Cir. 1988)). "To require arbitration," the "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." *Id.* (*citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624 n. 13 (1985); *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987)). The question is not whether the present arbitration clause expressly refers to claims brought under a particular statute or cause of action, but whether the agreement applies to the factual allegations giving rise to the claim. *See Mitsubishi Motors Corp.*, 473 U.S. at 623 n. 9 (1985) ("As the Court of Appeals saw it, '[t]he question ... is not whether the arbitration clause mentions antitrust or any other particular cause of action, but whether the factual allegations underlying Soler's counterclaims— and Mitsubishi's bona fide defenses to those counterclaims—are within the scope of the arbitration clause, whatever the legal labels attached to those allegations.'").

Thus, courts have consistently found that arbitration clauses in contracts, including license agreements, apply to claims brought under federal and state statutes. *See, e.g., Williams v. Eaze Sols.*, Inc., 417 F. Supp. 3d 1233 (N.D. Cal. 2019) (arbitration agreement applied to claims brought under the Telephone Consumer Protection Act (TCPA)); *Simula, Inc.*, 175 F.3d at 720– 21 ("Likewise, in *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1515 (10th Cir.1995), the Tenth Circuit held that an arbitration clause covering 'any dispute arising in connection with the implementation, interpretation or enforcement' of a license agreement was sufficiently broad to cover antitrust disputes between the parties. The Tenth Circuit concluded that, among other

things, the public policy in favor of arbitration compelled it to read the arbitration clause to include the antitrust disputes.").

### 3. Any Questions of Arbitrability Must Go to Arbitration

Notwithstanding the clear arbitrability of the claims, any doubts as to whether an arbitration agreement applies to a particular dispute should also be resolved in favor of arbitration. *See Simula, Inc.*, 175 F.3d at 719 (*citing Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991).

Courts "should [] assume that the parties agreed to arbitrate arbitrability" when "there is 'clea[r] and unmistakabl[e]' evidence that they did so." *First Options of Chicago, Inc.*, 514 U.S. at 944–45 (citations omitted). Where there is "incorporation of the AAA rules," as is the case here, there is "'clear and unmistakable' evidence that the parties intended to delegate the arbitrability question to an arbitrator." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). A similar result is appropriate in the instant matter.

### 4. The Complaint Should Be Dismissed, With Prejudice

The Fourth Circuit has explained that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Noohi v. Toll Bros.*, 708 F.3d 599, 605 n.2 (4th Cir. 2013) (In *Choice Hotels International, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001), we held that "[n]otwithstanding the terms of § 3, . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). The Fourth Circuit has further recognized it has found in favor of "sanctioning dismissal 'when all of the issues presented . . . are arbitrable.'" *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012). Here all claims are arbitrable, and dismissal is appropriate.[2]

**B. In the Alternative, this Court Should Compel Arbitration and Stay the Matter**

In the Alternative, Defendants respectfully move this Court to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq. The Fourth Circuit

---

[2] Defendants are aware of the very recent Supreme Court matter of *Smith v. Spizzirri*, 601 U.S. 472, 478, 144 S. Ct. 1173, 1178 (2024), and that citation is being included to ensure that undersigned counsel has disclosed that matter to the Court. Defendants' position is that the matter should be dismissed.

recognizes that "when a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial proceedings, 9 U.S.C. § 3, and to compel arbitration, id. § 4." *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999).[3] However, Defendants believe that dismissal is the more appropriate action in the current circumstances.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss this matter, with prejudice. In the alternative, a stay of the matter is appropriate, with an order that this entire dispute must be arbitrated, in its entirety.

* * *

Respectfully submitted,

/s/Eric J. Menhart
Eric J. Menhart, Esq.
Lexero Law
80 M St SE Ste 100
Washington, DC 20002
Phone: (855) 453-9376 x.101
Fax: (855) 453-9376

## CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing, a copy of the foregoing was served on Plaintiff's counsel via the Court's ECF system.

/s/Eric J. Menhart
Eric J. Menhart

---

[3] The Fourth Circuit has admitted that ("[t]here may be some tension between our decision in *Hooters*—indicating that a stay is required when the arbitration agreement 'covers the matter in dispute'—and *Choice Hotels*—sanctioning dismissal 'when all of the issues presented . . . are arbitrable.'" *Noohi v. Toll Bros.*, 708 F.3d 599, 605 n.2 (4th Cir. 2013) (*citing Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012))