United States District Court
For the District of Maryland

| | |
|---|---|
| Yeat Peng Tan<br>1301 7th Street, N.W., Apt. 507<br>Washington, D.C. 20001<br><br>      Plaintiff<br><br>      v.<br><br>JD Construction Property Management Corp.<br>8456 Lanier Overlook Ct.<br>Bristol, Virginia 20136.<br><br>      And<br><br>Zen Partners Construction Corp.<br>2513 Bailey's Pond Dr.<br>Accokeek, Maryland 20607<br><br>      Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:   8:24-cv-000051-LKG<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

<u>**AMENDED COMPLAINT FOR
UNJUST ENRICHMENT, FRAUD, AND NEGLIGENCE**</u>

Comes now Yeat Pent Tan, Plaintiff, by and through undersigned counsel, and amends her complaint, against: Zen Partners Construction Corp and JD Construction Property Management, Corp, Defendants, stating:

<u>**Jurisdiction.**</u>

1. This Court has jurisdiction, pursuant to: **28 U.S.C. § 1332, (a) (1).**

2. Venue is proper, in this court, pursuant to: **28 U.S.C. § 1391 (a),(2),** because all or a substantial part, of the events, or omissions, giving rise to this cause of action occurred; in this judicial district, and the subject property is located in this jurisdiction.

1

## Parties

3. Plaintiff is a resident of the District of Columbia. She was a resident, at all times relevant to this cause of action. She's Asian, and at any and all proceedings, that's she's required to attend, a Chinese Interpreter (Mandarin) will be required.

4. Defendant, Zen Partners Construction Corp, was conducting business, in the State of Maryland, without a license to do so, at all times relevant to this cause of action. **Exhibit # 1.**

5. Defendant, JD Construction Property Management, Corp, is a Virginia Corporation. It was conducting business, in the State of Maryland, as a licensed foreign corporation, to do business, in the State of Maryland, at all times relevant to this cause of action. **Exhibit # 2.**

## Facts

6. The Plaintiff wanted to build a house in Rockville, Maryland, at: 304 Frederick Avenue. She wanted to move into it, with her family.  The Defendants sent Plaintiff two proposed contracts, for the construction of her house. One dated July 19, 2019 and the other dated, July 29, 2019.

7. The Plaintiff refused to sign either, of the proposed contracts, because she couldn't understand them, they weren't read to her in: Chinese (Mandarin), and she only orally agreed that the Defendants would build her a house, and that she'd pay them for it and nothing more.

8. When the Defendants met with the Plaintiff, about constructing her house, they fraudulently, willfully, wantonly, and intentionally, used guile, surreptitiousness and/or any other forms of deceit to get the Plaintiff to enter into an agreement, to construct her house, without telling her Jen Partners Construction Corp., was not licensed to do business, in Maryland, and it could not enter into a contract, with her, to build her house. **Supra, Exhibit # 1**. They knew, if

2

the Plaintiff knew this, she would not agree to allow them to construct her house, and they'd lose money.

9. The Plaintiff paid the Defendants, for the construction of her house, as follows:

## PLAINTIFF'S PAYMENTS TO DEFENDANTS

| DATE | AMOUNT | CHECK | PAYEE | EXHIBIT NO: |
|---|---|---|---|---|
| July 31, 2019 | $10,500.00 | 210 | Zen Construction Corp. | Exhibit # 3 |
| Feb. 25, 2020 | $1,000.00 | 220 | Zen Partners Construction Corp. | Exhibit # 4 |
| Feb. 25, 2020 | $46,000.00 | 221 | Zen Partners Construction Corp. | Exhibit # 5 |
| May 16, 2020 | $23,000.00 | 227 | Zen Construction. | Exhibit # 6 |
| June 2, 2020 | $11,500.00 | 228 | Zen Construction. | Exhibit # 7 |
| Jan. 5, 2021 | $8,000.00 | 253 | Zen Construction. | Exhibit # 8 |
| June 7, 2021 | $34,500.00 | 265 | Zen Partners Construction Corp. | Exhibit # 9 |
| May 29, 2021 | $6,000.00 | 267 | Zen Construction. | Exhibit # 10 |
| June 1, 2022 | $7,500.00 | 294 | Zen Partners Construction Corp. | Exhibit # 11 |
| Nov. 5, 2022 | $8,500.00 | 309 | Zen Construction Corporation. | Exhibit # 12 |
| Nov. 22, 2022 | $10,000.00 | 311 | Zen Construction Corp. | Exhibit # 13 |
| **Total:** | **$166,500.00** | | | |

10. The Plaintiff called the Defendants, in the spring of 2020. She wanted to know when she could move into her house. They told her: **COVID** had hindered their construction and she could move into her house shortly. The Plaintiff reasonably relied upon on their statements and patiently waited for them to tell her when she could move into her house.

11. COVID did not prevent the Defendants from demanding more money from the Plaintiff. They sent her another proposed contract, with a start date, of: July 29, 2019. The start date was fraudulently and illegally back dated. The Defendants signed, the proposed contract, on June 3, 2020, virtually a year after they had started constructing the Plaintiff's house, pursuant to their oral agreement to do so.

12. The proposed contract increased the cost: to construct the Plaintiff's house, from: $210,000.00 to: $230,000.00. The Plaintiff did not sign it because: she couldn't understand it, it

3

wasn't read to her in: Chinese (Mandarin), she only orally agreed that the Defendants would build her a house, and that she'd pay them for constructing it, and nothing more.

13. The Defendants previously told the Plaintiff that COVID hindered their construction efforts but through their deceit, guile, surreptitiousness, and misrepresentation of material facts, concerning the construction of Plaintiff's house, they demanded, and received, more money, from the Plaintiff, by leading her to believe they were working on her house, during COVID, and that she was required to pay them: $11,500.00, more, for them to continue working on her house. She paid them as follows:

| DATE | AMOUNT | CHECK NO. | PAYEE | |
|---|---|---|---|---|
| June 2, 2020 | $11,500.00 | 228 | Zen Construction | Exhibit # 7 |

14. The Defendants obtained two permits to: perform the required work to construct the Plaintiff's house. A mechanical permit, **(MEC 2021-27198)**, issued on May 17, 2021 and a plumbing permit, **(PMB 2021-14464)** issued on May 17, 2021, both expired on November 17, 2021

15. The Defendants knew their permits had expired, and that they could not work, on the Plaintiff's house, but they continued demanding money, from her, through deceit, guile, surreptitiousness, and misrepresentation of material facts, that led Plaintiff to believe they were working on her house when they knew they weren't because their work permits had expired on November 17, 2021. The Plaintiff reasonably relied on the Defendants' fraudulent and misleading statements and paid them, after their permits had expired, as follows:

| June 1, 2022 | $ 7,500.00 | 294 | Zen Partners Construction Corp. | Exhibit # 11 |
|---|---|---|---|---|
| November 5, 2022 | $ 8,500.00 | 309 | Zen Construction Corporation. | Exhibit # 12 |
| November 22, 2022 | $10,000.00 | 311 | Zen Construction Corp. | Exhibit # 13 |
| Total: | $26,000.00 | | | |

16. Although the Defendants obtained a mechanical and plumbing permit, they negligently failed to obtain renew them, and they negligently failed to obtain the required electrical and building permits, needed to complete the construction of the Plaintiff's house.

17. After the Defendants negligently allowed their permits to expire, they willfully, wantonly, and intentionally, abandoned the Plaintiff's house, leaving it unfinished, and unsecured.

18. The Plaintiff, and her husband, in late spring of 2022, went to the construction site, to check on the Defendants' progress on the construction of her house. When she arrived there, her husband noticed a man was living in the Plaintiff's house. Plaintiff's husband called the police. The man ran out of the house, but when the police arrived, they apprehended him, he was arrested, and charged with criminal trespass. **Exhibit # 14** .

19  The Defendants called the Plaintiff, in December of 2023, and told her that they had arranged for an inspection, of her house, for: January 3, 2024. She agreed. The results are as follows:

| | | |
|---|---|---|
| Electrical Final Inspection | Failed | **Exhibit # 15,** |
| Building Final Inspection | Failed | **Exhibit # 16** |
| Plumbing Final Inspection | Failed | **Exhibit # 17** |
| Mechanical Final Inspection | Failed | **Exhibit # 18** |

20. If the Plaintiff's house had passed the inspections, she could have immediately moved into it, with her family.

21. The Plaintiff, after the Defendants' failed inspections, contacted 3-4 construction contractors. She asked them to come to her house and give her an estimate of the cost to complete its construction, and pass their failed inspections, so she could move into it.

5

22. The company's representatives came, to Plaintiff's unfinished house. They gave her different prices, to complete the construction of it, but when they asked why her house wasn't completed, they were told, of this lawsuit, and they refused to discuss working, for the Plaintiff, until her lawsuit was over.

## COUNT I
## UNJUST ENRICHMENT

23. Plaintiff incorporates, by reference, the allegations in paragraphs: 1 through 22, into this count, as fully as if plead herein.

24. As a direct result, and proximate cause, of the Defendants' failure to construct the Plaintiff's house, the Defendants are being unjustly enriched, in the amount of: $166,000,.00, because they've been enjoying the financial benefits of: having the Plaintiff's money without constructing her house, as promised.

25. The Plaintiff is entitled to a judgment for unjust enrichment because the Plaintiff conferred a financial benefit, upon the Defendants, that they should not have received. The Defendants acknowledge the benefit because they know that Zen Partners, was not authorized, to do business in the State of Maryland, and it was not authorized to take money, from the Plaintiff, but that didn't deter them from taking the Plaintiff's money, and they've enjoyed, the benefits of the money, the Plaintiff paid them. The Defendants know that the retention of the Plaintiff's money is: improper and inequitable.

**Wherefore, the premises** considered, Plaintiff demands judgment, against the Defendants, joint and several, in the amount of: $166.000.00, in compensatory damages, and any other relief, this Court deems just and proper, including reasonable attorney fees, cost, and pre and post judgment interest, so that the Plaintiff can use that money to complete the construction of her house.

6

## COUNT II
## FRAUD

26. Plaintiff incorporates, by reference, the allegations in paragraphs: 1 through 25, into this count, as fully as if plead herein.

27. As a direct result, and proximate cause, of the Defendants' fraud, and their willful wanton, intentional misrepresentation of a material fact, i.e., their refusal to tell the Plaintiff that Zen Partners was not authorized to conduct business in the State of Maryland, for fear that, if she knew, she would not agree to allow them to construct her house causing them to lose money, the Plaintiff was fraudulently induced to agree that the Defendants could construct her house. If she had known that, Zen Partners was not authorized to conduct business, in the State of Maryland, she would not have agreed to allow the Defendants to construct her house.

28. As a direct result, and further proximate cause, of the Defendants' willful wanton, and fraudulent misrepresentation, of a material fact, the Plaintiff was fraudulent induced into agreeing to allow the Defendants to construct her house, causing her to pay, the Defendants money, she would not have paid them, but for their fraudulent actions; and the Defendants' actions further deprived the Plaintiff of: the opportunity to find a contractor that could've timely constructed her house.

**Wherefore, the premises** considered, Plaintiff demands judgment, against the Defendants, joint and several, in the amount of: $166.000.00, compensatory damages, and $166,000.00 punitive damages, including reasonable attorney fees, cost, pre and post judgment interest, and any other relief this Court deems just and proper.

7

## COUNT III
### NEGLIGENCE

29. Plaintiff incorporates, by reference, the allegations in paragraphs: 1 through 28, into this count, as fully as if plead herein.

30. The Defendants owed the Plaintiff a duty to construct her house, within a year, so that she could move into it, but the Defendants have negligently failed to do so, five years later.

31. As a direct result, and proximate cause, of the Defendant's negligence, the Plaintiff's house was not completed, within a year, as promised, pursuant to their oral agreement, the Plaintiff lost the benefit of the money she paid the Defendants, to construct her house, she incurred cost, that she would not have incurred but for the Defendants negligence, including: but not limited to: $21,600.00, in rent, while living in Washington, D.C., waiting to move into her new house, payment of insurance premiums, in the amount of $20,000.00, she would have had to pay if the Defendants had completed the construction of her house, within a year, as promised.

32. As a direct result, and further proximate cause, of the Defendant's negligence, the Plaintiff will have to pay contractors to complete the construction of her house because the Defendants failed to do so. That'll cost the Plaintiff approximately $166,000.00.

**Wherefore, the premises** considered, Plaintiff demands judgment, against the Defendants, joint and several, in the amount of: $166.000.00, compensatory damages and $166,000.00 punitive damages, and any other relief, this Court deems just and proper, including reasonable attorney fees, cost, and pre and post judgment interest

### JURY DEMAND

33. Plaintiff demands a trial, by jury, for all of the issues raised, in this cause of action.

Respectfully submitted,

*/s/ Wendell C. Robinson*

Wendell C. Robinson, 28273
7600 Georgia Avenue, N.W., Suite 203
Washington, D.C. 20012
202-223-4470 phone, 202-726-9060 fax
grindstonelaw@aol.com