**United States District Court**
**For the District of Maryland**

Yeat Peng Tan                                          :
                                                       :
            Plaintiff                                  :
                                                       :
        v.                                             :        8:24-cv-000051-LKG
                                                       :
JD Construction Property Management                    :
Corp., et al.                                          :
                                                       :
       Defendants                                      :
                                                       :

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now Yeat Pent Tan, Plaintiff, by and through undersigned counsel, and moves this court for an order, granting her partial summary judgment, on Count III, Negligence, of her complaint, against the Defendants, on the grounds hereinafter stated:

### Facts

1. The Plaintiff wanted to build a house in Rockville, Maryland, at: 304 Frederick Avenue. She wanted to move into it, with her family.  The Defendants sent Plaintiff two proposed contracts, for the construction of her house. One dated July 19, 2019 and the other dated, July 29, 2019.

2. The Plaintiff refused to sign either, of them, because she couldn't understand them, they weren't read to her in: Chinese (Mandarin), and she only orally agreed that the Defendants would build her a house, and that she'd pay them for it. and nothing more.

3. When the Defendants met with the Plaintiff, about constructing her house, they fraudulently, willfully, wantonly, and intentionally, used guile, surreptitiousness and/or any other forms of deceit to get the Plaintiff to enter into an agreement, to construct her house, without telling her Jen Partners Construction Corp., was not licensed to do business, in Maryland, and it

1

could not enter into a contract, with her, to build her house. **Supra, Exhibit # 1**. They knew, if

they told her, she would not agree to allow them to construct her house, and they'd lose money.

4. The Plaintiff paid the Defendants, for the construction of her house, as follows:

## PLAINTIFF'S PAYMENTS TO DEFENDANTS

| DATE | AMOUNT | CHECK | PAYEE | EXHIBIT NO: |
|------|--------|-------|-------|-------------|
| July 31, 2019 | $10,500.00 | 210 | Zen Construction Corp. | Exhibit # 3 |
| Feb. 25, 2020 | $1,000.00 | 220 | Zen Partners Construction Corp. | Exhibit # 4 |
| Feb.25, 2020 | $46,000.00 | 221 | Zen Partners Construction Corp. | Exhibit # 5 |
| May 16, 2020 | $23,000.00 | 227 | Zen Construction. | Exhibit # 6 |
| June 2, 2020 | $11,500.00 | 228 | Zen Construction. | Exhibit # 7 |
| Jan. 5, 2021 | $8,000.00 | 253 | Zen Construction. | Exhibit # 8 |
| June 7, 2021 | $34,500.00 | 265 | Zen Partners Construction Corp. | Exhibit # 9 |
| May 29, 2021 | $6,000.00 | 267 | Zen Construction. | Exhibit # 10 |
| June 1, 2022 | $7,500.00 | 294 | Zen Partners Construction Corp. | Exhibit # 11 |
| Nov.5, 2022 | $8,500.00 | 309 | Zen Construction Corporation. | Exhibit # 12 |
| Nov.22, 2022 | $10,000.00 | 311 | Zen Construction Corp. | Exhibit # 13 |
| **Total:** | **$166,500.00** | | | |

5. The Plaintiff called the Defendants, in the spring of 2020. She wanted to know when

she could move into her house. They told her: **COVID** had hindered their construction and she

could move into her house shortly. The Plaintiff reasonably relied upon on their statements and

patiently waited for them to tell her when she could move into her house.

6. COVID did not prevent the Defendants from demanding more money from the

Plaintiff. They sent her another proposed contract, with a start date, of: July 29, 2019.  The start

date was fraudulently and illegally back dated. The Defendants signed, the proposed contract, on

June 3, 2020, virtually a year after they had started constructing the Plaintiff's house, pursuant to

their oral agreement to do so, but the Plaintiff did not sign it..

7. The proposed contract increased the cost: to construct the Plaintiff's house, from:

$210,000.00 to: $230,000.00. The Plaintiff did not sign it because: she couldn't understand it, it

wasn't read to her in: Chinese (Mandarin), she only orally agreed that the Defendants would build her a house, and that she'd pay them for constructing it, and nothing more.

8. The Defendants previously told the Plaintiff that COVID hindered their construction efforts but through their deceit, guile, surreptitiousness, and misrepresentation of material facts, concerning the construction of Plaintiff's house, they demanded, and received, more money, from the Plaintiff, by leading her to believe they were working on her house, during COVID, and that she was required to pay them: $11,500.00, more, for them to continue working on her house. She paid them as follows:

| DATE | AMOUNT | CHECK NO. | PAYEE | |
|------|--------|-----------|-------|---|
| June 2, 2020 | $11,500.00 | 228 | Zen Construction | Exhibit # 7 |

9. The Defendants obtained two permits to: perform the required work to construct the Plaintiff's house. A mechanical permit, **(MEC 2021-27198),** issued on May 17, 2021 and a plumbing permit, **(PMB 2021-14464)** issued on May 17, 2021, both expired on November 17, 2021. The permits were never renewed.

10. The Defendants knew their permits had expired, and that they could not work, on the Plaintiff's house, but they continued demanding money, from her, through deceit, guile, surreptitiousness, and misrepresentation of material facts, that led Plaintiff to believe they were working on her house when they knew they weren't because their work permits had expired on November 17, 2021. The Plaintiff reasonably relied on the Defendants' fraudulent and misleading statements and paid them, after their permits had expired, as follows:

| | | | | |
|------|--------|-----|-------|---|
| June 1, 2022 | $ 7,500.00 | 294 | Zen Partners Construction Corp. | Exhibit # 11 |
| November 5, 2022 | $ 8,500.00 | 309 | Zen Construction Corporation. | Exhibit # 12 |
| November 22, 2022 | $10,000.00 | 311 | Zen Construction Corp. | Exhibit # 13 |
| Total: | $26,000.00 | | | |

11.  Although the Defendants obtained a mechanical and plumbing permit, they negligently failed to obtain renew them, and they negligently failed to obtain the required electrical and building permits, needed to complete the construction of the Plaintiff's house.

12.  After the Defendants negligently allowed their permits to expire, they willfully, wantonly, and intentionally, abandoned the Plaintiff's house, leaving it unfinished, and unsecured.

13.  The Plaintiff, and her husband, in late spring of 2022, went to the construction site, to check on the Defendants' progress on the construction of her house. When she arrived there, her husband noticed a man was living in it. Plaintiff's husband called the police. The man ran out of the house, but when the police arrived, they apprehended him, he was arrested, and charged, with criminal trespass. **Exhibit # 14 .**

14   The Defendants called the Plaintiff, in December of 2023, and told her that they had arranged for an inspection, of her house, for: January 3, 2024. She agreed. The results are as follows:

| | | |
|---|---|---|
| Electrical Final Inspection | Failed | **Exhibit # 15,** |
| Building Final Inspection | Failed | **Exhibit # 16** |
| Plumbing Final Inspection | Failed | **Exhibit # 17** |
| Mechanical Final Inspection | Failed | **Exhibit # 18** |

15.  If the Plaintiff's house had passed the inspections, she could have immediately moved into it, with her family.

16.  The Plaintiff, after the Defendants' failed inspections, contacted 3-4 construction contractors. She asked them to come to her house and give her an estimate of the cost to complete its construction, and pass their failed inspections, so she could move into it.

17.  The company's representatives came, to Plaintiff's unfinished house. They gave her different prices, to complete the construction but when they asked why her house wasn't completed,

they were told, of this lawsuit, and they refused to discuss working, for her, until this lawsuit was over.

Respectfully submitted,

Wendell C. Robinson, 377091
7600 Georgia Avenue, N.W., Suite 203
Washington, D.C. 20012
202-223-4470 phone, 202-726-9060 fax
grindstonelaw@aol.com

## CERTIFICATE OF SERVICE

I certify that a copy of this motion, with accompanying points and authorities, statement of genuine issues of a material fact, that are not in dispute, and proposed order, were mailed, postage prepaid, on this 1st Day of September 2024 to: Eric J. Menhart, Counsel for the Defendants, via this Court's electronic email mailing system.

Wendell C. Robinson

## United States District Court
## For the District of Maryland

Yeat Peng Tan                   :

           Plaintiff         :

                     :

          v.             :       8:24-cv-000051-LKG

                     :

JD Construction Property Management   :

Corp., et al.               :

                     :

        Defendants     :

## POINTS AND AUTHORITIES

Plaintiff submits the following points and authorities in support of this motion.

### SUMMARY JUDGMENT

1. Pursuant to: Federal Rule of Civil Procedure 56(c), a court will grant summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 247 (1986). A genuine issue of material fact exists where, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." **Id. at 248**.

2. The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact. See **Celotex Corp. v. Catrett**, 477 U.S. 317, 323 (1986). When reviewing a motion for summary judgment, the court must take all facts and inferences in the light most favorable to the non-moving party. **Scott v. Harris**, 550 U.S. 372, 378 (2007).

6

3. The party opposing summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986); see also **In re Apex Express Corp**., 190 F.3d 624, 633 (4th Cir. 1999). They may not rest upon the mere allegations or denials, in their pleadings, if any, but they must 'set forth specific facts showing there is a genuine issue for trial. **Bouchat v. Balt. Ravens Football Club, Inc**., 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)); see also **Adickes v. S. H. Kress & Co**., 398 U.S. 144, 160 (1970).

4. The Plaintiff entered into an oral agreement, with the Defendants, to build her a house in Rockville, Maryland, at: 304 Frederick Avenue. They Defendants verbally told her it'd be completed on or before June of 2020.

5. The Plaintiff was anxious to have the constructed completed and she paid the paid the Defendants, as follows:

### PLAINTIFF'S  PAYMENTS TO DEFENDANTS

| DATE | AMOUNT | CHECK | PAYEE | EXHIBIT NO: |
|------|--------|-------|-------|-------------|
| July 31, 2019 | $10,500.00 | 210 | Zen Construction Corp. | Exhibit # 3 |
| Feb. 25, 2020 | $1,000.00 | 220 | Zen Partners Construction Corp. | Exhibit # 4 |
| Feb.25, 2020 | $46,000.00 | 221 | Zen Partners Construction Corp. | Exhibit # 5 |
| May 16, 2020 | $23,000.00 | 227 | Zen Construction. | Exhibit # 6 |
| June 2, 2020 | $11,500.00 | 228 | Zen Construction. | Exhibit # 7 |
| Jan. 5, 2021 | $8,000.00 | 253 | Zen Construction. | Exhibit # 8 |
| June 7, 2021 | $34,500.00 | 265 | Zen Partners Construction Corp. | Exhibit # 9 |
| May 29, 2021 | $6,000.00 | 267 | Zen Construction. | Exhibit # 10 |
| June 1, 2022 | $7,500.00 | 294 | Zen Partners Construction Corp. | Exhibit # 11 |
| Nov.5, 2022 | $8,500.00 | 309 | Zen Construction Corporation. | Exhibit # 12 |
| Nov.22, 2022 | $10,000.00 | 311 | Zen Construction Corp. | Exhibit # 13 |
| **Total:** | **$166,500.00** | | | |

6. The Plaintiff called the Defendants, in the spring of 2020. She wanted to know when she could move into her house. They told her: **COVID** had hindered their construction and she

could move into her house shortly. The Plaintiff reasonably relied upon on their statements and patiently waited for them to tell her when she could move into her house.

7. The Defendants previously told the Plaintiff, as indicated in paragraph number 6, above, that COVID hindered their construction efforts but through their deceit, guile, surreptitiousness, and misrepresentation of material facts, concerning the construction of Plaintiff's house, they demanded, and received, more money, from the Plaintiff, by leading her to believe they were working on her house, during COVID, and that she was required to pay them: $11,500.00, more, for them to continue working on her house.  She paid them as follows:

| DATE | AMOUNT | CHECK NO. | PAYEE | |
|------|--------|-----------|-------|---|
| **June 2, 2020** | **$11,500.00** | **228** | **Zen Construction** | **Exhibit # 7** |

8. The Defendants obtained two permits to: perform the required work to construct the Plaintiff's house. A mechanical permit, **(MEC 2021-27198),** issued on May 17, 2021 and a plumbing permit, **(PMB 2021-14464)** issued on May 17, 2021, both expired on November 17, 2021. They've never been renewed.

9. The Defendants knew their permits had expired, and that they could not work, on the Plaintiff's house, but they continued demanding money, from her, through deceit, guile, surreptitiousness, and misrepresentation of material facts, that led the Plaintiff to believe they were working on her house when they knew they weren't because their work permits had expired on November 17, 2021. The Plaintiff reasonably relied on the Defendants' fraudulent and misleading statements and paid them, after their permits had expired, as follows:

| | | | | |
|---|---|---|---|---|
| **June 1, 2022** | **$ 7,500.00** | **294** | **Zen Partners Construction Corp.** | **Exhibit # 11** |
| **November 5, 2022** | **$ 8,500.00** | **309** | **Zen Construction Corporation.** | **Exhibit # 12** |
| **November 22, 2022** | **$10,000.00** | **311** | **Zen Construction Corp.** | **Exhibit # 13** |
| **Total:** | **$26,000.00** | | | |

10.  Although the Defendants obtained a mechanical and plumbing permit, they negligently failed to obtain renew them, and they negligently failed to obtain the required electrical and building permits, needed to complete the construction of the Plaintiff's house.

11.  After the Defendants negligently allowed their permits to expire, they willfully, wantonly, and intentionally, abandoned the Plaintiff's house, leaving it unfinished, and unsecured.

12.  The Plaintiff, and her husband, in late spring of 2022, went to the construction site, to check on the Defendants' progress on the construction of her house. When she arrived there, her husband noticed a man was living in it. Plaintiff's husband called the police. The man ran out of the house, but when the police arrived, they apprehended him, he was arrested, and charged, with criminal trespass. **Exhibit # 14 .**

13  The Defendants called the Plaintiff, in December of 2023, and told her that they had arranged for an inspection, of her house, for: January 3, 2024. The results are as follows:

| | | |
|---|---|---|
| Electrical Final Inspection | Failed | **Exhibit # 15,** |
| Building Final Inspection | Failed | **Exhibit # 16** |
| Plumbing Final Inspection | Failed | **Exhibit # 17** |
| Mechanical Final Inspection | Failed | **Exhibit # 18** |

14.  If the Plaintiff's house had passed the inspections, she could have immediately moved into it, with her family.

15.  The Plaintiff, after the Defendants' failed inspections, contacted 3-4 construction contractors. She asked them to come to her house and give her an estimate of the cost to complete its construction, and pass their failed inspections, so she could move into it.

16.  The company's representatives came, to Plaintiff's unfinished house. They gave her different prices, to complete the construction of it, but when they asked why her house wasn't

completed, they were told, of this lawsuit, and they refused to discuss working, for the Plaintiff, until her lawsuit was over.

## **DEFENDANTS' DUTY OWED, TO THE PLAINTIFF**

17.   The Defendants owed the Plaintiff a duty to construct her house, within a year, so that she could move into it, but the Defendants negligently failed to do so, and five years later, the Plaintiff's house is completely unfinished and Maryland law prevents her from moving into it.

18.   As a direct result, and proximate cause, of the Defendant's negligence, the Plaintiff's house still is not completed, the Plaintiff lost the benefit of the money she paid the Defendants, to construct her house, she incurred cost, that she would not have incurred but for the Defendants negligence, including: but not limited to: $21,600.00, in rent, while living in Washington, D.C., waiting to move into her new house, payment of insurance premiums, in the amount of $20,000.00, she would have had to pay if the Defendants had completed the construction of her house, within a year, as promised.

19.   As a direct result, and further proximate cause, of the Defendant's negligence, the Plaintiff will have to pay contractors approximately $166,000.00, to complete the construction of her house, after this case is resolved, or after the Court grants this motion.

**Wherefore, the premises** considered, Plaintiff prays that the Court will grant this motion, and award $166.000.00, compensatory damages, and any other relief, this Court deems just and proper, including reasonable attorney fees, cost, and pre and post judgment interest.

Respectfully submitted,

Wendell C. Robinson, 28273
7600 Georgia Avenue, N.W., Suite 203
Washington, D.C. 20012
202-223-4470 phone, 202-726-9060 fax
grindstonelaw@aol.com

**United States District Court**
**For the District of Maryland**

Yeat Peng Tan                                    :
                                                 :
              Plaintiff                          :
                                                 :
              v.                                 :          8:24-cv-000051-LKG
                                                 :
JD Construction Property Management              :
Corp., et al.                                    :
                                                 :
              Defendants                         :

## STATEMENT OF GENUINE ISSUES OF A MATERIAL FACT THAT ARE NOT IN DISPUTE

Plaintiffs submits the following undisputed genuine issues of a material fact that are not in dispute:

1. The Defendants orally agreed to construct the Plaintiff's house on or about July of 2019, at: 304 Frederick Avenue, in Rockville, Maryland, on or before June of 2020..

2. The Plaintiff paid the Defendants: $166,500.00. to construct her house,

3. The Defendants obtained a mechanical permit, **(MEC 2021-27198),** issued on May 17, 2021 and a plumbing permit, **(PMB 2021-14464)** issued on May 17, 2021, both expired on November 17, 2021, and have never been renewed, but the Plaintiff paid them, even though their permits expired, as follows:

| | | | | |
|---|---|---|---|---|
| June 1, 2022 | $ 7,500.00 | 294 | **Zen Partners Construction Corp.** | **Exhibit # 11** |
| November 5, 2022 | $ 8,500.00 | 309 | **Zen Construction Corporation.** | **Exhibit # 12** |
| November 22, 2022 | $10,000.00 | 311 | **Zen Construction Corp.** | **Exhibit # 13** |
| Total: | $26,000.00. | | | |

4. The Defendants never told the Plaintiff that their permits had expired,

5. The Defendants negligently failed to obtain the required: electrical and building permits, needed to complete the construction of the Plaintiff's house,

12

6. The Defendants after their permits expired, left the Plaintiff's incomplete, and unsecured, resulting in a squatter taking up residence in it,

7. The Defendants called the Defendant and told her they had arranged an inspection for her house. The results are as follows:

| | | |
|---|---|---|
| Electrical Final Inspection | Failed | **Exhibit # 15,** |
| Building Final Inspection | Failed | **Exhibit # 16** |
| Plumbing Final Inspection | Failed | **Exhibit # 17** |
| Mechanical Final Inspection | Failed | **Exhibit # 18** |

8. The Plaintiff suffered damages, as a result of the Defendants failure to construct her house, so that she could move into it, with her family.

9. The Defendants have still not completed the construction of the Plaintiff's house.

Respectfully submitted,

*Wendell C. Robinson*

Wendell C. Robinson, 377091
7600 Georgia Avenue, N.W., Suite 203
Washington, D.C. 20012
202-223-4470 phone, 202-726-9060 fax
grindstonelaw@aol.com

13

**United States District Court**
**For the District of Maryland**

Yeat Peng Tan                              :
                                           :
     Plaintiff               :
                                           :
        v.                  :          8:24-cv-000051-LKG
                                           :
JD Construction Property Management        :
Corp., et al.                              :
                                           :
     Defendants             :

## ORDER

Upon consideration of the Plaintiffs' Motion for Partial Summary Judgment, as to Count

III, Negligence, of her complaint, and any opposition thereto, it is this _____ day of

_____ 2024,

     **ORDERED**, the motion is granted; and the Plaintiffs shall appear for an: ***ex parte proof***

herein on:_____.


_____
JUDGE

Copies to:

Wendell C. Robinson, Esq.
Counsel for Plaintiff, Eserve

Eric J. Menhart, Esq.
Counsel for Defendants, Eserve

14