United States District Court
For the District of Maryland

Yeat Peng Tan

    Plaintiff

v.  :  8:24-cv-000051-LKG

JD Construction Property Management Corp.,et al
    Defendants

# PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS AND/OR TO COMPEL ARBITRATION

Comes now Yeat Pent Tan, Plaintiff, by and through undersigned counsel, and opposes the Defendants' motion on the grounds hereinafter stated:

1. The Plaintiff timely filed an amended complaint. When an amended complaint is filed, it controls the case. **Washer v. Bullitt Company,** 110 U.S. 558, 562 (1884). The Defendant seeks its dismissal because, the amended complaint, factually identifies and pleads additional causes of action to which the Defendants' lack any evidence to refute its allegations.

2. The Defendants, in their motion to dismiss and/or to compel arbitration argue the following:

**ALL DISPUTES HEREUNDER SHALL BE RESOLVED BY BINDING ARBITRATION INACCORDING WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION.**

3. The Defendants allege: that the Plaintiff's original complaint, had attached to it, documents that the Defendant alleges are contracts contains arbitration clauses. The Defendant's correct but those alleged contracts aren't valid contracts. The initial alleged attachment, that the Defendants alleges is a contract was not signed, by either party, and the second document, that the Defendant alleges is a contract, it signed but its invalid because its fraudulent and the Defendant refused to sign it. The second alleged contract, that the Defendant alleges is a

1

contract, indicated that its start is: July 29, 2019, but it was fraudulently and illegally back dated, to June 3, 2020. The Defendant signed it, but the Plaintiff refused to sign it. The Plaintiff refused to sign either of the two proposed contracts because: she couldn't understand them, they weren't read to her in: Chinese (Mandarin), and she only orally agreed that the Defendants would build her a house, and that she'd pay them for it, and nothing more.

## STANDARDS FOR EVALUTING A MOTION TO DISMISS

3. The Defendants correctly recite the law when considering a motion to dismiss may be granted, but the facts, of this case, warrants a denial of the Defendants' motion.

4. The Plaintiff's complaint is well plead. It contains specific facts of the alleged conduct, that gives rise to her cause of action. The Plaintiff's alleged facts fulfill the elements for both state and federal laws for Plaintiff's stated causes of action. A well plead complaint may proceed even if it strikes a judge that actual proof of its facts is/are impossible and that a recovery is very remote and unlikely. Quoting: **Scheuer v. Rhodes,** 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974)), where the Scheuer Court held, *"…..the threshold requirement" is "that the `plain statement' possess enough left to show that the Plaintiff is entitled to relief…".* See also, **Robinson-Reeder v. Am. Council On Educ**., 532 F.Supp.2d 6 (D. D.C. 2008).

5. All that the Federal Rules of Civil Procedure require, of a complaint, is that it contain a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is/are against it, and the grounds upon which it rests. The Plaintiff need not prove their case, in their complaint. **Bell Atl. Corp. v. Twombly**, 550 U.S. ___, 127 S. Ct. 1955 1964, 167 L.Ed.2d 929 (2007) (quoting **Conley v. Gibson**, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)); accord **Erickson v. Pardus**, 551 U.S. ___, 127 S. Ct. 2197 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

6. The allegations, in the Plaintiff's amended complaint, are factually well plead. They contain specific facts that gives the Defendant notice of her claims, and are sufficient for the Defendants to form a defense to them.

7. The Defendants allege, on page 4, of their motion as follows:

> "….*Defendants do not question the authenticity of the agreement attached to the Complaint See Kkt # 1-1. Accordingly, proper adjudication compels this court to consider the Agreement before ruling upon this motion, given Plaintiff's affirmative inclusion of the relevant document in her initiating documents….*"

8. The Defendants continue to miss she point of an amended complaint. When its filed, it controls the case: **Washer v. Bullitt Company,** 110 U.S. 558, 562 (1884). What the Plaintiff alleged, in the initial complaint is of no moment. The allegations in the amended complaint control. **Id**.

**STANDARDS FOR INCONSISTENT, SELF-CONTRADICTORY AND UNSUPPORTED PLEADNGS.**

9. The Defendants would like the Court to disregard the amended complaint because it not only alleges additional counts but also alleges specific facts of fraud, involving the validity of a contract. It also alleges that the Defendants intentionally, used guile, surreptitiousness and/or any other forms of deceit to get the Plaintiff to enter into an agreement, to construct her house, without telling her that Jen Partners Construction Corp., was not licensed to do business, in Maryland, and that it could not enter into a contract, with her, to build her house. They knew, if the Plaintiff knew this, she would not agree to allow them to construct her house, and they'd lose money. The Defendants, in their motion, do not dispute these facts.

10. The Plaintiff, in her amended complaint, made references to: the two documents that the Defendant alleges are contracts that compel arbitration. The Defendants allege the Plaintiff is

3

omitting them from her amended complaint. The Defendants are incorrect. The court is directed to the following, paragraphs, in the amended complaint:

> "…..6. The Plaintiff wanted to build a house in Rockville, Maryland, at: 304 Frederick Avenue. She wanted to move into it, with her family. The Defendants sent Plaintiff two proposed contracts, for the construction of her house. One dated July 19, 2019 and the other dated, July 29, 2019.
> 7. The Plaintiff refused to sign either, of the proposed contracts, because she couldn't understand them, they weren't read to her in: Chinese (Mandarin), and she only orally agreed that the Defendants would build her a house, and that she'd pay them for it and nothing more.
> 8. When the Defendants met with the Plaintiff, about constructing her house, they fraudulently, willfully, wantonly, and intentionally, used guile, surreptitiousness and/or any other forms of deceit to get the Plaintiff to enter into an agreement, to construct her house, without telling her Jen Partners Construction Corp., was not licensed to do business, in Maryland, and it could not enter into a contract, with her, to build her house. Supra, Exhibit # 1. They knew, if the Plaintiff knew this, she would not agree to allow them to construct her house, and they'd lose money….."

………

11. The Plaintiff also plead, with reference to the second alleged contract the following:

> "…..COVID did not prevent the Defendants from demanding more money from the Plaintiff. They sent her another proposed contract, with a start date, of: July 29, 2019. The start date was fraudulently and illegally back dated. The Defendants signed, the proposed contract, on June 3, 2020, virtually a year after they had started constructing the Plaintiff's house, pursuant to their oral agreement to do so.
>
> "…..12. The proposed contract increased the cost: to construct the Plaintiff's house, from: $210,000.00 to: $230,000.00. The Plaintiff did not sign it because: she couldn't understand it, it wasn't read to her in: Chinese (Mandarin), she only orally agreed that the Defendants would build her a house, and that she'd pay them for constructing it, and nothing more.
> 13. The Defendants previously told the Plaintiff that COVID hindered their construction efforts but through their deceit, guile, surreptitiousness, and misrepresentation of material facts, concerning the construction of Plaintiff's house, they demanded, and received, more money, from the Plaintiff, by leading her to believe they were working on her house, during COVID, and that she was required to pay them: $11,500.00, more, for them to continue working on her house. She paid them as follows:

| DATE | AMOUNT | CHECK NO. | PAYEE | |
|---|---|---|---|---|
| June 2, 2020 | $11,500.00 | 228 | Zen Construction | Exhibit # 7…" |

4

12. There's nothing preventing the Defendants from alleging: in their answer, that the documents alleged, in Plaintiff's complaints, are valid contracts but they know the Plaintiff's allegation are correct, that the alleged documents are not contracts, that they lack any defense, to the Plaintiff's allegations, and their only hope is to see if the Court will overlook their fraud, and negligence, and compel arbitration.

## JUDICIAL ADMISSIONS

13. The Defendants alleged that pleadings, in the Plaintiff's initial complaint are judicial admissions. The Plaintiff has not made any judicial admissions, made in her initial complaint, that are not in her amended complaint. The Defendant, in this section, of their motion, have failed to state any judicial admissions, that the Plaintiff made that is/are excluded from her amended complaint.

## HEIGHTENED PLEADING STANDARDS FOR FRAUD

14. The Plaintiff has stated facts that fulfills the pleadings for fraud: in both of her complaints. She alleges that the Defendants failed to tell her that one of them was not licensed to: conduct business, in the State of Maryland, they back dated a proposed contract, one year later, trying to get the Plaintiff to sign the contract, but she refused to do so, and they convinced her to pay them, for working on her house, when they knew they could not work, on her property because their license expired preventing them from working her house.

**THIS CASE SHOULD BD DISMISSED BECAUSE PLAINTIFF HAS PLED ITSELF OUT OF COURT AND THE CLAIMS ARE ONLY SUBJECT TO ARBITRATION**

15. The Defendants admit, on page 7, of its motion, the following:

> " It is true that "(a) party cannot be required to submit to arbitration any dispute which he has not agree to submit. Citing United Steelworkers of m v. Warrior, 363 U.S. 574 (1960)…"

5

16. The Plaintiff has never agreed to arbitration and she has so plead, in both of her complaints, the following:

> *'…..11. COVID did not prevent the Defendants from demanding more money from the Plaintiff. They sent her another proposed contract, with a start date, of: July 29, 2019. The start date was fraudulently and illegally back dated. The Defendants signed, the proposed contract, on June 3, 2020, virtually a year after they had started constructing the Plaintiff's house, pursuant to their oral agreement to do so.*
> *12. The proposed contract increased the cost: to construct the Plaintiff's house, from: $210,000.00 to: $230,000.00. The Plaintiff did not sign it because: she couldn't understand it, it wasn't read to her in: Chinese (Mandarin), she only orally agreed that the Defendants would build her a house, and that she'd pay them for constructing it, and nothing more….."*

17. The Defendants' arbitration arguments must fail because there isn't any evidence that the plaintiff agreed to arbitration.

**STATEMENTS MADE IN THE ORIGINAL COMPLAINT CONSTITUTE JUDICIAL ADMISSIONS**

18. The Defendants allege that Plaintiff entered into a contract on July 19, 2019, and on July 29, 2019. The Defendants allegations are incorrect. The Plaintiff never signed either of the alleged contracts and specifically stated why, pleading:

> *'…..12. The proposed contract increased the cost: to construct the Plaintiff's house, from: $210,000.00 to: $230,000.00. The Plaintiff did not sign it because: she couldn't understand it, it wasn't read to her in: Chinese (Mandarin), she only orally agreed that the Defendants would build her a house, and that she'd pay them for constructing it, and nothing more….."*

**THE AMENDED COMPLAINT IS SELF-SERVING, MISLEADING AND INCONSISTENT**

19. The Plaintiff's amended complaint is well plead. It contains specific facts of the alleged conduct, that gives rise to her cause of action. All that the Federal Rules of Civil Procedure require, of a complaint, is that it contain a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

claim is/are against it, and the grounds upon which it rests. The Plaintiff need not prove their case, in their complaint. **Bell Atl. Corp. v. Twombly**, 550 U.S. ___, 127 S. Ct. 1955 1964, 167 L.Ed.2d 929 (2007) (quoting **Conley v. Gibson**, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)); accord **Erickson v. Pardus**, 551 U.S. ___, 127 S. Ct. 2197 2200, 167 L.Ed.2d 1081 (2007) (per curiam). The allegations, in the Plaintiff's amended complaint, are factually well plead. They contain specific facts that gives the Defendant notice of her claims, and are sufficient for the Defendants to form a defense to them.

20. The Defendants can challenge the allegations, in the Plaintiff's amended complaint, whenever they deem it appropriate. The fact that they believe its self-serving misleading and inconsistent, does it make so because they say so.

### HEIGHTENED PLEADING STANDARDS FOR FRAUD

21. The Defendant has previously stated this argument. The Plaintiff states, once again, that her stated facts fulfills the pleadings for fraud: in both of her complaints. She alleges that the Defendants failed to tell her that one of them was not licensed to: conduct business, in the State of Maryland, they back dated a proposed contract, one year later, trying to get the Plaintiff to sign it, the contract, but she refused to do so, and they convinced her to pay them, for working on her house, when they knew they could not work, on it, because their license expired preventing them from doing so.

### IN THE ALTERNATIVE, THIS COURT SHOULD COMPEL ARBITRATION AND STAY THE MATTER.

22. The Defendant has previously argued for arbitration. The Plaintiff previously addressed this issue, stating as follows:

"…..15. The Defendants admit, on page 7, of its motion, the following:

> "  It is true that "(a) party cannot be required to submit to arbitration any dispute which he has not agree to submit. Citing *United Steelworkers of m v. Warrior*, 363 U.S. 574 (1960)…"

16. The Plaintiff has never agreed to arbitration and she has so plead, in both of her complaints, the following:

> '…..11. COVID did not prevent the Defendants from demanding more money from the Plaintiff. They sent her another proposed contract, with a start date, of: July 29, 2019. The start date was fraudulently and illegally back dated. The Defendants signed, the proposed contract, on June 3, 2020, virtually a year after they had started constructing the Plaintiff's house, pursuant to their oral agreement to do so.
> 12. The proposed contract increased the cost: to construct the Plaintiff's house, from: $210,000.00 to: $230,000.00. The Plaintiff did not sign it because: she couldn't understand it, it wasn't read to her in: Chinese (Mandarin), she only orally agreed that the Defendants would build her a house, and that she'd pay them for constructing it, and nothing more…."

23. The Defendants' arbitrations arguments must fail because there isn't any evidence that the plaintiff agreed to arbitration…."

Respectfully submitted,

*s/s Wendell C. Robinson*
Wendell C. Robinson, 28273
7600 Georgia Avenue, N.W., Suite 203
Washington, D.C. 20012
202-223-4470 phone, 202-726-9060 fax
grindstonelaw@aol.com

### Certificate of Service

I certify that a copy of the Plaintiff's opposition to the Defendant's motion to dismiss and/or in the alternative to compel arbitration was emailed to Eric Menhart, Counsel for the Defendants, on this 26th day of September 2024, via this Court's electronic email system.

*s/s Wendell C. Robinson*

8