UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YEAT PENG TAN<br><br>v.<br><br>ZEN PARTNERS<br>CONSTRUCTION CORP, ET AL. | Case No. 8:24-cv-00051-LKG |

### DEFENDANTS' MOTION FOR SANCTIONS

Defendants, through undersigned counsel, respectfully submit this Motion for Sanctions pursuant to Rule 11.

### INTRODUCTION

Plaintiff's Attorney, namely, Wendell C. Robinson, has engaged in sanctionable behavior, as set out below.

### LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 11(b):

By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation…

Fed. R. Civ. Proc. 11(b)(1). Moreover, under federal law,

any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.S. § 1927. Furthermore, Rule 11 provides that if the Court finds that the rule has been violated, it "may impose an appropriate sanction on any attorney, law firm, or party that

1

violated the rule or is responsible for the violation." Fed. R. Civ. Proc. 11(c)(1). "Rule 11 sanctions are designed to 'reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation.'" *See e.g.* Christian v. Mattel, 286 F.3d 1118, 1127 (9th Cir. 2002).

The Court has the inherent power to issue sanctions. "A court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. MASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citations omitted). The imposition of sanctions in this instance allows for "making the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.*

## ARGUMENT

Plaintiff's attorney, Mr. Robinson, is subject to sanctions for several reasons:

**A. Mr. Robinson Filed Suit in this Court in Clear Violation of an Arbitration Clause**

As explained in recent filings, Mr. Robinson filed suit in this court despite the clear existence of an arbitration clause. *See* Dkt. #1. Mr. Robinson's *own* exhibit contained clear reference to the arbitration clause, and Mr. Robinson's own pleadings alleged that Plaintiff "entered into a contract, with the Defendants, on July 19, 2019" and cited "Exhibit #1." *See* Dkt. 1 at ECF 10.

Mr. Robinson's own filed exhibits, which he necessarily reviewed in detail before filing, plainly contained the clause requiring that his client engage in "binding arbitration in accordance with the rules of the American Arbitration Association." *See* Dkt. #1-1 at ECF 3. Mr. Robinson's "failure to read and consider the significance of the arbitration clause is not a basis for finding the clause unenforceable." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809 (7th

Cir. 2011). To the contrary, Mr. Robinson's "failure to read" the arbitration clause led him to file this matter in an improper tribunal. Sanctions are appropriate.

### B. Mr. Robinson Hid Facts from the Court in an Amended Pleading in Violation of Md. R. Att'y 19-303.3

Mr. Robinson, in Plaintiff's Amended Complaint, hid facts from the tribunal in violation of Md. R. Att'y 19-303.3. As one might expect, "an attorney violates Rule 3.3(a)(1) 'when he or she knowingly provides a court with false information.'" *Atty. Griev. Comm'n of Md. v. White*, 480 Md. 319, 378, 280 A.3d 722, 756 (2022) (*citing Att'y Grievance Comm'n v. Cassilly*, 476 Md. 309, 354, 262 A.3d 272 (2021) (*quoting Att'y Grievance Comm'n v. Hoerauf*, 469 Md. 179, 211, 229 A.3d 802 (2020)).

In the instant case, Mr. Robinson alleged that a contract existed between the parties in Plaintiff's initial Complaint (Dkt. #1), *and affirmatively attached the document to the Complaint*. Yet, in the Amended Complaint (Dkt. #27), Mr. Robinson subsequently attempts to hide the existence of the agreement from the Court. Defendants address this issue in detail in their renewed Motion to Dismiss. *See* Dkt. #32 at 12. Defendants incorporate the same by reference.

The Fourth Circuit, evaluating similar circumstances as undertaken by Plaintiff in this matter have referred to similar actions as "an affront" and an "attempt[] to perpetrate a fraud on the court." *Ge Zhang v. Promontory Interfinancial Network, LLC*, 597 F. App'x 724, 726 (4th Cir. 2015).

This conduct is particularly concerning in this case, because Attorney Wendell Robinson himself has previously been disbarred, for, among other things, "incidents of knowing dishonesty." *In re Robinson*, 583 A.2d 691, 692 (D.C. 1990).

In yet another disciplinary matter involving Mr. Robinson, there was a court finding that "respondent testified falsely, which warrants a greater sanction." *In re Robinson*, 225 A.3d 402,

407 (D.C. 2020) (*citing In re Ekekwe-Kauffman*, 210 A.3d at 798; *In re Martin*, 67 A.3d at 1054 ("Engaging in dishonest conduct to cover up other misconduct is absolutely intolerable and warrants a greater sanction.")

The present matter is shockingly similar to the 2020 *In re Robinson* matter. Attorney Robinson ignored the arbitration clause, and then actively attempted to cover up that action by hiding material facts from the Court in violation of Md. R. Att'y 19-303.3. This Court should follow the lead of the District of Columbia Court of Appeals and "account for other serious aggravating factors, such as [Robinson's] prior disbarment for misappropriation and his false testimony to the Hearing Committee*." In re Robinson*, 225 at 407. Sanctions are appropriate.

### C. The Premature, Unsupported Motion for Summary Judgment is Sanctionable

Defendants addressed the numerous problems with the Motion for Summary Judgment in a prior filing. *See* Dkt. #33. Defendants incorporate the same by reference.

When a "motion for summary judgment is unsupported by facts and premature, it is sanctionable." *See Green v. Am. Commer. Sec. Servs.*, No. C07-1837MJP, 2008 U.S. Dist. LEXIS 122347, at *12 (W.D. Wash. May 5, 2008). Here, Attorney Robinson "provided no affidavits of facts in support of his motion. Therefore, the trial court was justified in finding that the motion was not 'well-grounded in fact' and merited sanctions." *Mossman v. Roadway Express, Inc.*, 789 F.2d 804 (9th Cir. 1986).

In yet another matter the Fourth Circuit affirmed the award of sanctions for "a baseless summary judgment motion on a count [the attorney] knew he could not substantiate in the middle of the discovery process." *Sweetland v. Bank of Am. Corp.*, 241 F. App'x 92 (4th Cir. 2007) (unpublished).

4

In the present case, Plaintiff's counsel filed the Motion for Summary Judgment *before the discovery process even began*, making the conduct more concerning than in *Sweetland,* where sanctions were affirmed for less serious conduct. Sanctions are appropriate.

### D. Robinson Declined a Professional Courtesy to Correct His Actions

Undersigned Attorney Menhart, in the interest of preserving Court resources, reached out to Attorney Robinson shortly after Robinson's concerning filings. *See* Exhibit A. Menhart spoke with Robinson on September 4, 2024, via phone, in an attempt to resolve the matters raised herein. Mr. Robinson declined to correct his actions, despite a phone conversation of nearly 10 minutes. Later that same day, undersigned Attorney Menhart sent written notice of the concerns expressed during the call, stating, among other things, that:

- "I expressed my concerns about the Amended Complaint. In short, you falsely allege that 'she only orally agreed' to an Agreement (Dkt. #27 at 2) despite you, yourself, claiming in an original filing that your client 'entered into a contract,' which was written, and which you attached to the Complaint that you filed and signed. (See Dkt. #1 at ECF 10). In short, your new filing is false, and directly contradicts your own filing that is of record in the court. This also appears to be in violation of Md. R. Att'y 19-303.3, for failing to be candid with a tribunal." *Id.*
- "I expressed my concerns about the Motion for Summary Judgment. Filed well before discovery commenced and completely devoid of any factual support that the rules contemplated (See Fed. R. Civ. P. 56(c)), such as deposition testimony, and similar, I explained that my client would file a Rule 56(d) motion and seek costs for the same." *Id.*

Undersigned also offered Robinson one final opportunity to correct these issues. *Id.* at 1 ("Upon the conclusion of the call, I offered you 24 hours to consult with your client. You would need to withdraw the Amended Complaint and the Motion for Summary Judgment by noon on Thursday, the 5th of September. Barring that, my client will move forward with a Rule 11 Motion and seeks costs for other filings that will raise these issues with the court.") Robinson declined to do so, stating that "I disagree with all of your statements. I'll respond to anything you file." *Id.*

5

**E. Defendants are Entitled to Costs and Fees**

Defendants request that, upon the conclusion of all work related to Mr. Robinson's actions, Defendants may submit a fee petition for the Court's review. Defendant is not yet able to calculate the total costs incurred, because additional attorney work may be necessary, and Defendants can not yet calculate the total time and effort that may be required.

## CONCLUSION

As demonstrated by the foregoing, Plaintiff's counsel failed to comply with Rule 11. Sanctions are appropriate pursuant to Rule 11 and 28 U.S.C.S. § 1927.

*  *  *

Respectfully submitted,

/s/Eric Menhart
Eric Menhart, Esq.
Lexero Law
80 M St SE Ste 100
Washington, DC 20002
Phone: 855-453-9376

## CERTIFICATE OF SERVICE

I hereby certify that on this September 16, 2024, Plaintiff's counsel was served the foregoing via first-class postal mail and fax:

Wendell C Robinson
Law Offices of Wendell C Robinson
7600 Georgia Ave. NW #203
Washington, DC 20012
Fax: 202-726-9060
grindstonelaw@aol.com

/s/Eric Menhart
Eric Menhart, Esq.

* * *

## CERTIFICATE OF SERVICE AS TO COURT FILING

      I hereby certify that Plaintiff's counsel was served the foregoing on October 9, 2024, via the Court's Electronic Filing System.

/s/Eric Menhart
Eric Menhart, Esq.