IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YEAT PENG TAN, </br></br> Plaintiff, </br></br> v. </br></br> ZEN PARTNERS CONSTRUCTION CORP., *et al.*, </br></br> Defendants. | Civil Action No. 24-cv-00051-LKG </br></br> Dated: May 1, 2025 |

### MEMORANDUM OPINION

I.     **INTRODUCTION**

    In this civil action, the Plaintiff, Yeat Peng Tan, asserts unjust enrichment, fraud and negligence claims against the Defendants, JD Construction Property Management Corp. ("JD Construction") and Zen Partners Construction Corp. ("Zen Partners"), arising from the delayed construction of her home located at 304 Frederick Avenue, Rockville, Maryland. *See generally* ECF No. 31. The Defendants have moved to dismiss the amended complaint or, in the alternative, to stay the case and compel arbitration, pursuant to Federal Rules of Civil Procedure 9, 12(b)(6) and 56 and the Federal Arbitration Act ("FAA"). ECF No. 32. The Plaintiff has also moved for partial summary judgment with regards to her negligence claim, pursuant to Fed. R. Civ. P. 56. ECF No. 29. Lastly, the Defendants have filed a motion for sanctions, pursuant to Fed. R. Civ. P. 11(b). ECF No. 36.

    The Defendants' motion to dismiss the amended complaint or, in the alternative, to stay the case and compel arbitration and the Plaintiff's motion for partial summary judgment are fully briefed. ECF Nos. 29, 32, 33, 34, 35 and 37. No hearing is necessary to resolve these motions. L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** the Defendants' motion to dismiss the amended complaint or, in the alternative, to stay the case and compel arbitration (ECF No. 32); (2) **DENIES** the Plaintiff's motion for partial summary judgment (ECF No. 29); (3) **DENIES** the Defendants' motion for sanctions (ECF No. 36); and (4) **DISMISSES** Count II of the amended complaint.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the Plaintiff asserts claims for unjust enrichment (Count I), fraud (Count II) and negligence (Count III) against Defendants JD Construction and Zen Partners, arising from the delayed construction of her home located at 304 Frederick Avenue, Rockville, Maryland.  ECF No. 31 at ¶¶ 23-32.  As relief, the Plaintiff seeks to recover, among other things, monetary damages, punitive damages, prejudgment interest and post-judgment interest from the Defendants.  *Id.* at Prayers for Relief.

The Parties

The Plaintiff is a resident of the District of Columbia.  *Id.* at ¶ 3.

Defendant Zen Partners is a corporation that conducted business in the State of Maryland, at all times relevant to the amended complaint.  *Id.* at ¶ 4.

Defendant JD Construction is a Virginia corporation that was licensed to conduct business in the State of Maryland, at all times relevant to the amended complaint.  *Id.* at ¶ 5.

Background

As background, the Plaintiff wanted to build a house in Rockville, Maryland.  ECF No. 31 at ¶ 6.  And so, the Plaintiff alleges that the Defendants sent her two "proposed contracts" for the construction of her house.  *Id.*

The Plaintiff alleges that she refused to sign the proposed contracts, because she could not understand them, given that her native language is Mandarin Chinese and the proposed contracts were not read to her in Mandarin Chinese.  *Id.* at ¶¶ 7 and 11-12.  And so, the Plaintiff further alleges that she "only orally agreed that the Defendants would build her a house, and that she'd pay them for it and nothing more."  *Id.* at ¶ 7.

The Plaintiff also alleges that the Defendants "fraudulently, willfully, wantonly, and intentionally, used guile, surreptitiousness and/or any other forms of deceit to get [her] to enter into an agreement, to construct her house, without telling her [Z]en Partners Construction Corp., was not licensed to do business, in Maryland, and it could not enter into a contract, with her, to

---

[1] The facts recited herein are taken from the amended complaint, attachments to the original complaint and the Defendants' supplemental exhibit.  ECF Nos. 1-1, 1-2, 31 and 43.  Unless otherwise stated, the facts are undisputed.

build her house." *Id.* at ¶ 8.  In this regard, the Plaintiff alleges that she paid the Defendants for the construction of her house, as shown in the chart below:

**PLAINTIFF'S PAYMENTS TO DEFENDANTS**

| DATE | AMOUNT | CHECK | PAYEE | EXHIBIT NO. |
|---|---|---|---|---|
| July 31, 2019 | $10,500.00 | 210 | Zen Construction Corp. | Exhibit # 3 |
| Feb. 25, 2020 | $1,000.00 | 220 | Zen Partners Construction Corp. | Exhibit # 4 |
| Feb. 25, 2020 | $46,000.00 | 221 | Zen Partners Construction Corp. | Exhibit # 5 |
| May 16, 2020 | $23,000.00 | 227 | Zen Construction. | Exhibit # 6 |
| June 2, 2020 | $11,500.00 | 228 | Zen Construction. | Exhibit # 7 |
| Jan. 5, 2021 | $8,000.00 | 253 | Zen Construction. | Exhibit # 8 |
| June 7, 2021 | $34,500.00 | 265 | Zen Partners Construction Corp. | Exhibit # 9 |
| May 29, 2021 | $6,000.00 | 267 | Zen Construction. | Exhibit # 10 |
| June 1, 2022 | $7,500.00 | 294 | Zen Partners Construction Corp. | Exhibit # 11 |
| Nov. 5, 2022 | $8,500.00 | 309 | Zen Construction Corporation. | Exhibit # 12 |
| Nov. 22, 2022 | $10,000.00 | 311 | Zen Construction Corp. | Exhibit # 13 |

Total: $166,500.00.

*Id.* at ¶ 9.

In addition, the Plaintiff alleges that she called the Defendants in the spring of 2020 regarding the status of the construction of her house and that the Defendants told her that the COVID-19 pandemic "had hindered their construction and she could move into her house shortly." *Id.* at ¶ 10.  The Plaintiff further alleges that she reasonably relied upon the Defendants' statements and that the Defendants sent her another "proposed contract," with a start

3

date of July 29, 2019. *Id.* at ¶ 11. In this regard, the Plaintiff contends that this proposed contract "was fraudulently and illegally back dated," because the Defendants signed the proposed contract on June 3, 2020, almost one year after they had started constructing her house. *Id.*

The Plaintiff also contends that this proposed contract increased the cost to construct her house from $210,000.00 to $230,000.00. *Id.* at ¶ 12. Lastly, the Plaintiff, again, alleges that she did not sign this proposed contract, because she could not understand the contract and it was not read to her in Mandarin Chinese. *Id.* And so, the Plaintiff contends that she "only orally agreed that the Defendants would build her a house, and that she'd pay them for constructing it, and nothing more." *Id.*

The delay of the construction of the Plaintiff's new home continued. In this regard, the Plaintiff alleges that the Defendants obtained two work permits that were required to perform the construction on her house, but the Defendants allowed the permits to expire before construction was completed. *Id.* at ¶¶ 14-15. The Plaintiff also alleges that she "reasonably relied on the Defendants' fraudulent and misleading statements" that they were continuing work on her house and that she continued to pay them after the permits expired. *Id.* at ¶ 15. In addition, the Plaintiff alleges that the Defendants ultimately abandoned the construction project, leaving her house unfinished and unsecured. *Id.* at ¶¶ 17-18.

Lastly, the Plaintiff alleges that the Defendants called her in December 2023 and told her that they had arranged for an inspection of her house in early January 2024. *Id.* at ¶ 19. But the inspections failed. *Id.* Given this, the Plaintiff contacted other construction contractors to complete the construction of her house. *Id.* at ¶ 21. But the Plaintiff alleges that these contractors refused to work on the house until this litigation concludes. *Id.* at ¶ 22. And so, the Plaintiff seeks to recover, among other things, monetary damages, punitive damages, prejudgment interest and post-judgment interest from the Defendants. *Id.* at Prayers for Relief.

The Alleged Contracts

The parties identify at least four different agreements that may be the contract by and between the Plaintiff and the Defendants to construct the Plaintiff's house.

First, the Plaintiff attaches as an exhibit to the original complaint in this matter a document entitled "General Contractor Agreement," by and between the Plaintiff and the

Defendants, which is dated July 19, 2019 (the "July 19, 2019, Agreement"). ECF No. 1-1. This document is not signed by either party. *Id.* at 4.

The July 19, 2019, Agreement's "scope of work" provision provides that:

> The Contractor shall furnish all materials and perform all of the work shown on the drawings and/ or described in the specifications entitled **Work Order**, as annexed thereto as it pertains to work to be performed on the property at: **304 Frederick Avenue, Rockville, MD 20850**.

*Id.* at 1, Art. 1. This agreement also contains an arbitration provision, which provides that:

> All disputes hereunder shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association.

*Id.* at 3, Art. 5, ¶ 10.

Second, the Plaintiff attaches as an exhibit to the original complaint a document entitled "General Contractor Agreement," by and between the Plaintiff and the Defendants, which is dated July 29, 2019 (the "July 29, 2019, Agreement"). ECF No. 1-2. This document was signed by the Defendants on June 3, 2020, but it is not signed by the Plaintiff. *Id.* at 3.

The July 29, 2019, Agreement contains the same "scope of work" provision that is found in the July 19, 2019, Agreement. *See id.* at 1. But the version of this agreement provided to the Court does not include an arbitration provision. *See generally id.*

Third, on April 14, 2025, the Defendants submitted a document to the Court entitled "General Contractor Agreement," by and between the Plaintiff and the Defendants, which is dated July 29, 2019. ECF No. 43-1. This document appears to have been signed by the Plaintiff and the Defendants on February 25, 2020. *Id.* at 4. The agreement contains the same "scope of work" provision that is found in the July 19, 2019, and July 29, 2019, Agreements. *Id.* at 1, Art. 1. The agreement also contains an arbitration provision that is identical to the arbitration provision found in the July 19, 2019, Agreement. *Id.* at 3, Art. 5, ¶ 10.

Lastly, the Plaintiff alleges in the amended complaint that she entered into an oral contract with the Defendants to construct her house in July 2019. ECF No. 31 at ¶¶ 7 and 11-12.

The Original Complaint

Also relevant to the pending motions, when the Plaintiff commenced this matter on January 8, 2024, she asserted the following claims in the original complaint: (1) breach of contract (Count I); (2) unjust enrichment (Count II); and (3) negligence (Count III). ECF

No. 1.  Specifically, the Plaintiff alleged in the original complaint that she "entered into a contract, with the Defendants, on July 19, 2019, for: $210,000.00, to: build her house at: 304 Frederick Avenue, Rockville, Maryland, 20850." ECF No. 1 at ¶ 6.  The Plaintiff also alleged that the "Defendants convinced [her], ten days after signing their original contract, that a new one was required. The Plaintiff agreed. A new contract was signed on July 29, 2019. It increased the contract price from: $210,000.00 to: $230,000.00." *Id.* at ¶ 7.  After the Defendants filed a motion to dismiss the complaint or, in the alternative, to stay the case and compel arbitration, the Plaintiff filed an amended complaint alleging that she did not enter into a written contract with the Defendants.  *See generally* ECF Nos. 25, 28 and 31.

### B. Procedural History

The Plaintiff commenced this matter on January 8, 2024.  ECF No. 1.  On September 1, 2024, the Plaintiff filed the amended complaint.  ECF No. 31.

On September 1, 2024, the Plaintiff filed a motion for partial summary judgment on her negligence claim.  ECF No. 29.  On September 16, 2024, the Defendants filed a response in opposition to the Plaintiff's motion for partial summary judgment.  ECF No. 33.

On September 16, 2024, the Defendants filed a motion to dismiss the amended complaint or, in the alternative, to stay the case and compel arbitration.  ECF No. 32.  On September 26, 2024, the Plaintiff filed a response in opposition to the Defendants' motion.  ECF No. 34.  On October 1, 2024, the Defendants filed a reply in support of their motion.  ECF No. 35.

On October 9, 2024, the Defendants filed a motion for sanctions, pursuant to Fed. R. Civ. P. 11.  ECF No. 36.

On October 13, 2024, the Plaintiff filed a supplemental affidavit and exhibits in opposition to the Defendants motion to dismiss or, in the alternative, to stay case and compel arbitration.  ECF No. 37.

On April 14, 2025, the Defendants submitted a General Contract Agreement dated July 29, 2019, and purportedly signed on February 25, 2020.  ECF No. 43.

The motions having been fully briefed, the Court resolves the pending motions.

### III.   LEGAL STANDARDS

#### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

6

(2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).[2]

### B. Fed. R. Civ. P. 9(b) And Fraud Claims

To succeed on a fraud claim under Maryland law, a plaintiff must plead and prove that the defendant: (1) made a false representation to the plaintiff; (2) knew the representation was false or was recklessly indifferent to its truth; (3) made the misrepresentation to defraud the plaintiff; (4) that the plaintiff relied on the misrepresentation, with the right to rely on it; and (5) that the plaintiff suffered a compensable injury resulting from the misrepresentation. *See Ellerin v. Fairfax Sav., F.S.B.*, 652 A.2d 1117, 1123 (Md. 1995).  Under this heightened standard, a complaint is "inadequate" when it "impermissibly aggregat[es] defendants without specifically alleging which defendant was responsible for which act." *Corder v. Antero Res. Corp.*, 57 F.4th 384, 403 (4th Cir. 2023) (citations omitted).  In addition, allegations of fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  And so, to satisfy Rule 9(b)'s heightened pleading standard, a plaintiff must allege facts establishing the "who, what,

---

[2] The United States Court of Appeals for the Fourth Circuit has held that the Court may consider documents beyond the complaint when considering a motion to dismiss under Rule 12(b)(6), if the documents are "explicitly incorporated into the complaint by reference," or are "integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also Biospherics, Inc., v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).

when, where, and how" of the claimed fraud. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citations omitted).

### C. Fed. R. Civ. P. 56 And Motion To Compel Arbitration

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is not appropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993). But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim. *See Celotex Corp.*, 477 U.S. at 322-23. Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.* at 323. And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256.

This Court treats motions to compel arbitration as motions for summary judgment, pursuant to Fed. R. Civ. P. 56. *See, e.g.*, *Cherdak v. ACT, Inc.*, 437 F. Supp. 3d 442, 454 (D. Md. 2020) (holding that "[t]reating a motion to compel as a motion for summary judgment is proper where the formation or validity of the arbitration agreement is in dispute, . . . or where documents outside the pleadings must be considered" (internal citations and quotations omitted)); *Owen v. CBRE, Inc.*, No. 16-773, 2016 WL 7033973, at *2 (D. Md. Dec. 2, 2016) (citations omitted).

In addition, the FAA "requires courts to enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 178 (2019) (citations omitted). Under Section 2 of the FAA, an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. And so, the FAA "establishes 'a liberal federal policy favoring arbitration agreements.'" *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505-06 (2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

This Court has recognized that the FAA provides two parallel methods for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration under Section 3, and an affirmative order to engage in arbitration under Section 4. *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (citing *Chorley Enters. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 563 (4th Cir. 2015)); *Brito v. Major Energy Elec. Servs., LLC*, 526 F. Supp. 3d. 95, 106 (D. Md. 2021). The Fourth Circuit has also held that the question of "[w]hether a party has agreed to arbitrate an issue is a matter of contract interpretation: '[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 266 (4th Cir. 2011) (citation omitted) (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 92 (4th Cir. 1996)). And so, "where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010); *see also Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019) (stating that Section 4 of the FAA "requires that the district court—rather than the arbitrator—decide whether the parties have formed an agreement to arbitrate").

When determining whether there is a valid arbitration agreement, courts in the Fourth Circuit "apply ordinary state-law principles governing the formation of contracts" and "the federal substantive law of arbitrability." *Muriithi v. Shuttle Exp., Inc.*, 712 F.3d 173, 179 (4th Cir. 2013) (citations omitted). In addition, the Fourth Circuit has recognized that "parties to an arbitration agreement can 'agree to arbitrate gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.'" *Gibbs v. Haynes Invests., LLC*, 967 F.3d 332, 337 (4th Cir. 2020) (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)). In this regard, the Fourth Circuit has held that "the FAA requires a court to stay 'any suit or proceeding' pending arbitration of 'any issue referable

9

to arbitration under an agreement in writing for such arbitration.' This stay-of-litigation provision is mandatory." *Adkins*, 303 F.3d at 500 (quoting 9 U.S.C. § 3).[3] The Fourth Circuit has also determined that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001). And so, this Court has elected to dismiss a litigation if all claims are subject to arbitration on several occasions. *See, e.g.*, *Willcock v. My Goodness! Games, Inc.*, No. 16-4020, 2018 WL 3970474, at *4 (D. Md. Aug. 20, 2018); *Kabba v. Rent-A-Center*, No. 17-211, 2017 WL 1508829, at *2 (D. Md. Apr. 27, 2017), *aff'd*, 730 F. App'x 141 (4th Cir. 2018); *Phears v. LVNV Funding, LLC*, No. 20-2843, 2020 WL 7054806, at *3 (D. Md. Dec. 2, 2020).

### D. Negligence Claims

To establish a claim of negligence under Maryland Law, the plaintiff bears the burden of showing: (1) a duty owed by the defendant; (2) a breach of that duty by the defendant; (3) "a legally cognizable causal relationship between the breach of duty and the harm suffered"; and (4) damages. *McKinney v. Fulton Bank*, 776 F. Supp. 2d 97, 104 (D. Md. 2010) (citing *Jacques v. First Nat'l Bank of Md.*, 515 A.2d 756, 758 (Md. 1986)). "Absent a duty of care, there can be no liability in negligence." *Walpert, Smullian & Blumenthal, P.A. v. Katz*, 762 A.2d 582, 587 (Md. 2000) (citing *West Va. Central v. Fuller*, 54 A. 669, 671-72 (Md. 1903)).

### E. Fed. R. Civ. P. 11

Lastly, "the primary . . . purpose of Rule 11 is to deter future litigation abuse." *In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990). Pursuant to Fed. R. Civ. P. 11, every "attorney [and] unrepresented party certifies" that a pleading, written motion or other paper filed with a district court: (1) is not filed "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and (3) alleges "factual contentions [that] have evidentiary support or, if specifically

---

[3] The Fourth Circuit has explained that "application of the FAA requires demonstration of four elements: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (internal quotation marks omitted) (quoting *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 n.6 (4th Cir. 2012))

so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)-(3). If the Court finds that an attorney or unrepresented party has violated any of these duties, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

## IV.   ANALYSIS

The parties have filed several motions that the Court must resolve. First, the Defendants have moved to dismiss the amended complaint, pursuant to Rules 9, 12(b)(6) and 56 of the Federal Rules of Civil Procedure and the FAA, upon the grounds that: (1) the Plaintiff has pled herself out of court, because she admitted in the original complaint that she entered into a contract with the Defendants that contains an arbitration provision; (2) the Plaintiff's claims in this case are subject to arbitration; (3) the Plaintiff's statements in the original complaint regarding entering into a contract with the Defendants are judicial admissions; (4) the amended complaint is "self-serving, misleading and inconsistent" with the original complaint; and (5) the Plaintiff's fraud claim is implausible, because the amended complaint fails to satisfy the heightened pleading standard for fraud claims. *See generally* ECF No. 32. Alternatively, the Defendants request that the Court compel the Plaintiff to arbitrate her claims and stay this matter. *Id.* at 13-14.

The Plaintiff counters that the Court should not dismiss the amended complaint, or compel arbitration in this case, because: (1) she did not enter into a contract with the Defendants that contains an arbitration agreement; (2) the amended complaint supersedes the allegations contained in the original complaint and this pleading contains sufficient factual allegations to show that she is entitled to relief; and (3) the amended complaint satisfies the heightened pleading standard under Rule 9(b). ECF No. 34. And so, the Plaintiff requests that the Court deny the Defendants' motion to dismiss. *See id.*

Second, the Plaintiff has moved for partial summary judgment on her negligence claim, upon the grounds that the undisputed material facts in this matter show that: (1) the Defendants owed a duty to build her house within one year; (2) the Defendants breached that duty; (3) the breach directly and proximately caused her injury; and (4) she suffered monetary damages as a result. ECF No. 29 at 10. And so, the Plaintiff requests that the Court enter summary judgment in her favor on her negligence claim. *Id.* at 10.

11

The Defendants counter that the Plaintiff is not entitled to summary judgment on her negligence clam, because her motion for summary judgment is procedurally premature and discovery is needed for the Defendants to substantively respond to the motion. ECF No. 33. And so, the Defendants request that the Court deny the Plaintiff's motion for partial summary judgment. *Id.* at 5.

Lastly, the Defendants have filed a motion for sanctions against the Plaintiff's attorney, upon the grounds that he filed the amended complaint in this matter in violation of the parties' arbitration agreement and concealed facts from the Court. ECF No. 36. The Plaintiff has not responded to the Defendants' motion for sanctions.

For the reasons that follow, the evidence currently before the Court does not establish that the Plaintiff entered into a valid and enforceable agreement to arbitrate her claims in this case. But, a careful reading of the amended complaint reveals that the Plaintiff's fraud claim is deficient, because the amended complaint lacks factual allegations to satisfy the heightened pleading requirements under Fed. R. Civ. P. 9(b).

The amended complaint and the evidence currently before the Court also make clear that there are material facts in dispute in this matter regarding: (1) whether the parties entered into a contract to build the Plaintiff's house; (2) what were the terms of the parties' contract; (3) whether the Defendants owed the Plaintiff a duty to build that house within one year; and (4) what is the source of that duty, that preclude summary judgment on the Plaintiff's negligence claim. Given these material factual disputes, the Defendants have also not shown that the Plaintiff's Counsel engaged in sanctionable conduct by filing the amended complaint. And so, the Court (1) GRANTS-in-PART and DENIES-in-PART the Defendants' motion to dismiss the amended complaint or, in the alternative, to stay the case and compel arbitration (ECF No. 32); (2) DENIES the Plaintiff's motion for partial summary judgment (ECF No. 29); (3) DENIES the Defendants' motion for sanctions (ECF No. 36); and (4) DISMISSES Count II of the amended complaint.

### A. The Defendants Have Not Shown That The Plaintiff Agreed to Arbitrate Her Claims

As an initial mater, the evidentiary record currently before the Court does not establish that the Plaintiff entered into a valid arbitration agreement with the Defendants and agreed to arbitrate the claims in this case. As the Fourth Circuit has explained, the question of "[w]hether a party has agreed to arbitrate an issue is a matter of contract interpretation: '[A] party cannot be

12

required to submit to arbitration any dispute which he has not agreed so to submit.'" *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 266 (4th Cir. 2011) (citation omitted) (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 92 (4th Cir. 1996)).  And so, when determining whether there is a valid arbitration agreement in this case, the Court must "apply ordinary state-law principles governing the formation of contracts" and "the federal substantive law of arbitrability." *Muriithi v. Shuttle Exp., Inc.*, 712 F.3d 173, 179 (4th Cir. 2013) (citations omitted).

In this case, the Defendants argue that the Plaintiff entered into a General Contractor Agreement on July 19, 2025, that contains an arbitration provision which requires that the Plaintiff arbitrate her claims.  ECF No. 32 at 7-11.  But there is a genuine dispute between the parties about whether the Plaintiff understood and signed this agreement, and more fundamentally about what agreement constitutes the parties' contract.

Notably, the parties identify at least *four* different agreements that may be the contract to construct the Plaintiff's house.  *See* ECF No. 1-1 (the July 19, 2019, Agreement unsigned); ECF No. 1-2 (the July 29, 2019, Agreement signed by Defendants only); ECF No. 43-1 (the July 29, 2019, Agreement signed by both parties on February 25, 2020); and ECF No. 31 at ¶¶ 7 and 11-12 (the alleged oral contract).  The Plaintiff also maintains that she did not enter into the General Contractor Agreement relied upon by the Defendants, because she did not understand the agreement, due to the fact that her native language is Mandarin Chinese and the agreement was not read to her in that language.  ECF No. 31 at ¶¶ 7 and 12; *see also* ECF Nos. 34 and 37 at 5-6.

Given the conflicting evidence before the Court about the parties' contract, there is a genuine factual dispute that prevents the Court from determining whether the parties entered into a valid and enforceable arbitration agreement.  For this reason, the Defendants have not met their burden to show that the parties' entered into a valid arbitration agreement that requires the Plaintiff to arbitrate her claims.  And so, the Court must DENY their motion to compel arbitration.  *See Levin*, 634 F.3d at 266 ("[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." (citation omitted)).

The Defendants may, however, be able to fill the gaps in the evidentiary record noted above with regards to the parties' contract and whether that contract contains an arbitration agreement.  And so, the Court will DENY the Defendants' motion to compel arbitration WITHOUT PREJUDICE.

### B. The Plaintiff Fails To Satisfy The Heightened Pleading Standard For Fraud

The Defendants are on firmer footing in arguing that the Plaintiff's fraud claim in Count II of the amended complaint does not satisfy the heightened pleading standard under Rule 9(b). ECF No. 32 at 7 and 13. To satisfy Rule 9(b)'s heightened pleading standard, the Plaintiff must allege facts in the amended complaint to establish the "who, what, when, where, and how" of the claimed fraud by the Defendants. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citations omitted). Given this requirement, allegations of fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). And so, the amended complaint is "inadequate" if it "impermissibly aggregat[es] defendants without specifically alleging which defendant was responsible for which act." *Corder v. Antero Res. Corp.*, 57 F.4th 384, 403 (4th Cir. 2023) (citations omitted).

In this case, the amended complaint lacks factual allegations to establish the "who, what, when, where, and how" of the alleged fraud by the Defendants. *See U.S. ex rel. Wilson*, 525 F.3d at 379. In the amended complaint, the Plaintiff alleges the following fraudulent conduct by the Defendants: (1) the Defendants refused "to tell [her] that Zen Partners was not authorized to conduct business in the State of Maryland;" (2) the start date of the July 29, 2019, Agreement "was fraudulently and illegally back dated," because the "Defendants signed, the proposed contract, on June 3, 2020, virtually a year after they had started constructing the Plaintiff's house;" and (3) the "Defendants knew their permits had expired, and that they could not work, on the Plaintiffs house, but they continued demanding money, from her." ECF No. 31 at ¶¶ 8, 11, 13-15 and 26-28; ECF No. 34 at 5.

But the amended complaint does not identify which of the two Defendants engaged in this allegedly fraudulent conduct. *See, e.g., id.* at ¶ 26 (Generally alleging that "[a]s a direct result, and proximate cause, of the Defendants' fraud, and their willful wanton, intentional misrepresentation of a material fact, i.e., their refusal to tell the Plaintiff that Zen Partners was not authorized to conduct business in the State of Maryland . . . ."); *see also Corder*, 57 F.4th at 403 (holding that a complaint is "inadequate" when it "impermissibly aggregat[es] defendants without specifically alleging which defendant was responsible for which act"). The amended complaint also lacks factual allegations to show when the Defendants refused to tell her that Zen Partners was not authorized to conduct business the State of Maryland and when the Defendants demanded money from the Plaintiff. ECF No. 31 at ¶¶ 8, 11, 13-15 and 26-28.

The amended complaint similarly lacks factual allegations to explain who made the alleged fraudulent misrepresentations to the Plaintiff on behalf of the Defendants, which are both businesses, or how these were misrepresentations were communicated to the Plaintiff.[4]  Given this, the Court agrees with the Defendants that the amended complaint does not plead with particularity the "who, what, when, where, and how" of the Plaintiff's fraud claim.  *See U.S. ex rel. Wilson*, 525 F.3d at 379.  And so, the Court DISMISSES this claim.  *See* Fed. R. Civ. P. 9(b) and 12(b)(6).

### C. The Plaintiff Is Not Entitled To Summary Judgment On Her Negligence Claim

Turning to the Plaintiff's motion for partial summary judgment, the Plaintiff has not shown that she is entitled to summary judgment on her negligence claim, because there are material facts in dispute about, among other things, whether the Defendants had a duty to complete the construction of the Plaintiff's house within one year, as alleged in the amended complaint.  To prevail on her negligence claim, the Plaintiff must show: (1) a duty owed by the Defendants; (2) a breach of that duty by the Defendants; (3) "a legally cognizable causal relationship between the breach of duty and the harm suffered"; and (4) damages.  *McKinney v. Fulton Bank*, 776 F. Supp. 2d 97, 104 (D. Md. 2010).

In this case, the Plaintiff argues that the Defendants owed her a duty to build her house within one year and that Defendants breached that duty by failing to complete the construction of her house by June 2020.  *See* ECF No. 29 at 7 and 10; *see also* ECF No. 31 at ¶ 30 (alleging that the "Defendants owed the Plaintiff a duty to construct her house, within a year").  But the Plaintiff points to no source for the duty to complete the construction of her house within one year.  *See* ECF No. 29 at 7 and 10; ECF No. 31 at ¶¶ 29-32.  As discussed above, there is also a significant factual dispute in this case about the nature of the parties' contract to build the Plaintiff's house and the terms of that contract.

---

[4] On October 13, 2024, the Plaintiff submitted an affidavit to supplement her opposition to the Defendants' motion to dismiss or, in the alternative, to stay case and compel arbitration.  ECF No. 37.  In her affidavit, the Plaintiff contends, among other things, that her husband "spoke to someone named, 'Andy,'" and that "Andy called my husband and told him they needed more money to finish building my house."  ECF No. 37.  Because this affidavit is not "explicitly incorporated into the [amended] complaint by reference" or "attached to the complaint" as an exhibit, the Court does not consider it.  *See Goines v. Valley Cmty. Servs. Bd.*, 822, F3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Given these evidentiary concerns, the Plaintiff has not shown that she is entitled to summary judgment on her negligence claim. *See Walpert, Smullian & Blumenthal, P.A. v. Katz*, 762 A.2d 582, 587 (Md. 2000) ("Absent a duty of care, there can be no liability in negligence." (citation omitted)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."). And so, the Court DENIES the Plaintiff's motion for partial summary judgment on this claim. *See* Fed. R. Civ. P. 56.

### D.  The Defendants Have Not Shown That Rule 11(b) Sanctions Are Appropriate

As a final matter, the Court must DENY the Defendants motion for sanctions, because the Defendants have not shown that the Plaintiff's Counsel engaged in conduct that warrants sanctions under Fed. R. Civ. P. 11(b). Rule 11(b) requires that every attorney certify that a pleading, written motion or other paper filed with this Court: (1) is not filed "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and (3) alleges "factual contentions [that] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)-(3). If the Court finds that an attorney or unrepresented party violated any of these duties, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Here, the Defendants argue that the Court should sanction the Plaintiff's Counsel, because he filed the amended complaint in violation of the parties' arbitration agreement and concealed certain facts about the parties' contract from the Court. *See generally* ECF No. 36. But, as discussed above, there are material facts in genuine dispute in this case regarding the identity of the parties' contract and whether that contract contains a valid arbitration agreement. Given these evidentiary disputes, and the early stage of this litigation, the Defendants have not shown that the Plaintiff's Counsel made any false representations to, or concealed facts from, the Court. *See* Fed. R. Civ. P. 11(b). And so, the Court DENIES the Defendants' motion for sanctions.

## V. CONCLUSION

In sum, the evidence currently before the Court does not establish that the Plaintiff entered into a valid and enforceable agreement to arbitrate her claims in this case. But, a careful reading of the amended complaint reveals that the Plaintiff's fraud claim is deficient, because the amended complaint lacks factual allegations to satisfy the heightened pleading requirements under Fed. R. Civ. P. 9(b). The evidence currently before the Court also makes clear that there are material facts in dispute in this matter regarding the contract between the parties to build the Plaintiff's house, that both preclude summary judgment on the Plaintiff's negligence claim and warrant the denial of the Defendants' motion for sanctions.

In light of the foregoing, the Court:

(1) **GRANTS-in-PART** and **DENIES-in-PART** the Defendants' motion to dismiss the amended complaint or, in the alternative, to stay the case and compel arbitration (ECF No. 32);

(2) **DENIES** the Plaintiff's motion for partial summary judgment (ECF No. 29);

(3) **DENIES** the Defendants' motion for sanctions (ECF No. 36); and

(4) **DISMISSES** Count II of the amended complaint.

**IT IS FURTHER ORDERED** that the Defendants shall **ANSWER**, or otherwise **RESPOND TO**, the remaining claims in the amended complaint on **or before May 22, 2025**.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge